TOLER, Appellant, *vs.* HAYDEN, Respondent.

1. An award of arbitrators is properly vacated where it appears that they heard the evidence before they were sworn.

*Appeal from Polk Circuit Court.*

*F. P. Wright*, for appellant.
*Ballou*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

By written submission these parties referred certain matters in controversy, suits, quarrels, &c., between them, to the arbitration and award of Lyman Beeman, William M. Grigg and William R. Devin. The arbitrators met on the day agreed upon, and the parties also met. Each produced his statements

and accounts, and made his explanations and admissions. The arbitrators heard what the parties could offer and prove, and took notes or minutes of the whole admissions, accounts, statements and explanations. Before the award was made out the arbitrators adjourned to another day, on which they neglected, from some cause or other, to meet; they afterwards mot on the 9th of April, 1852, and locked themselves up, and examined the matters, and made and signed the award, by which they awarded that Hayden was indebted to Toler in the sum of $198 58¼, and $6 15 for costs. It was agreed, that the award, when made, should become a rule of the Polk Circuit Court. On the 14th of April, 1852, the arbitrators filed the award in the Polk Circuit Court, and it was then agreed between the parties that the respondent might take exceptions to the award and proceedings. Hayden, the respondent, at the October term of the court following, filed his motion to vacate said award. During the proceedings in said court on this motion, much testimony was offered in support of, and also against the said award. It is not deemed necessary for this court to notice all the various points offered. The court below vacated the award, and Toler moved to set aside the order vacating the same, and excepted to the rulings of the court, and brings the case here by appeal.

1. From the facts in proof before the Circuit Court, on the motion to vacate the award, it appears that the arbitrators were not sworn on the day they first met and undertook to hear the parties and receive the statements, accounts, explanations, &c.; they made no award on this day. They met again on the 9th of April, and were then, for the first time, sworn as arbitrators. They received no more or further evidence on the subject than what was offered on the first day; all the evidence ever given before them, as arbitrators, was given on the first day, at their first meeting, when they were not sworn. Now the statute of this state, upon this subject, is positive: "Before proceeding to hear any testimony, the arbitrators shall be sworn faithfully and fairly to hear and examine the matters in

controversy, and to make a just award, according to the best of their understanding."

These arbitrators heard all the evidence, received the accounts and statements, and afterwards were sworn. They heard no evidence after they were sworn ; for, on the second meeting, they only met to compare and examine the facts, and then award.

This omission we consider fatal ; it was a misbehavior ; and though without design or intention to do wrong, it, nevertheless, renders the award invalid.

I deem it unnecessary to notice all the points, or indeed, any others made in this case. The judgment of the Circuit Court, vacating the award, is affirmed, the other judges concurring.