RUFUS P. WALT *et al.*, Respondents, *v.* WILLIAM L. HUSE *et al.*, Appellants.

*Arbitration — Submission — Oath.* — An agreement in writing to submit matters in dispute to arbitrators, is a submission within the statute, although there be no clause authorizing the Circuit Court to enter a judgment upon the award. The neglect of the arbitrators to take the oath prescribed by the statute renders their award invalid. (Toler v. Hayden, 18 Mo. 399, affirmed.)

Walt et al. v. Huse et al.

*Appeal from St. Louis Court of Common Pleas.*

*Davis, Evans & Davis*, for appellants.

The arbitrators ought to have been sworn before hearing the evidence touching the matters in controversy; and because they were not so sworn, the award is void, or at least voidable—R. C. 1855, ch. 7, § 3, p. 194; Toler v. Hayden, 18 Mo. 399; Garret v. Macey et al., 10 Mo. 161. The case of Hamlin v. Duke, 28 Mo. 166, does not militate against the above doctrine, nor does the case of Pearce v. McIntyre, 19 Mo. 423.

*Knight*, for respondents.

It was unnecessary that the arbitrators should be sworn. This is not a statutory award. It is good as a common law award—French v. New, 20 Barb. 481; Howard v. Saxton, 1 Denio, 440; Howard v. Saxton, 4 Comst., N. Y., 157; Purdy v. Delevan, 1 Cains, 303–14.

Unless the submission provides for a summary judgment, or otherwise refers to the statute, it will not be held to be a statutory award—Kingston v. Kincaid, 1 Wash. (C. C.) R. 448.; Finley v. Finley, 11 Mo. 624.

Irregularities are waived unless objected to by the parties at the time—24 Wend. 258; 2 N. Y. Leg. Ob. 389; 10 Johns. 143; Caldwell Arbitration, 208 et seq.

Common law awards have been fully sustained by this court, even to the extent of holding verbal submissions and awards valid—Hamlin v. Duke, 28 Mo. 166; Pearce v. McIntyre, 29 Mo. 423; 11 Mo. 624.

The case of Currier v. Lowe, 32 Mo. 203, is conclusive on this point.

WAGNER, Judge, delivered the opinion of the court.

This was a suit brought by the respondents against the appellants, on an award made by John W. Luke and John J. Roe, to whom the matters and differences in controversy between the parties had been submitted as arbitrators. The

submission was in writting, and the arbitrators proceeded to hear and examine the testimony in the cause, and to make out their written award; but they were not sworn. No provision was made by the parties in the submission for entering up a judgment of court on the award in pursuance of the statute. The court below rendered judgment for the respondents for the full amount of the award, the appellants resisting it mainly on the ground that the arbitrators were not sworn. The respondents evidently proceeded on the idea that this was a common law and not a statutory submission, and that it was not necessary that an oath should be administered to the administrators. By the common law, when the subject matter is such that a parol agreement between the parties would be valid, a verbal submission and award will be binding on them—Hamlin v. Duke, 28 Mo. 166, citing Caldwell on Arb. But a submission to arbitrators in writing is a submission within the statute, although there is no clause authorizing or empowering a Circuit Court judgment to be entered on the award—Bridgman v. Bridgman, 23 Mo. 272.

The third section of our statute concerning arbitrators is an exact copy of the fourth section of the New York revised statute on the same subject, which enacts that, "before proceeding to hear any testimony, the arbitrators shall be sworn faithfully and fairly to hear and examine the matters in controversy, and to make a just award according to the best of their understanding."

Under this section, the New York Court of Appeals has held that the statute has not changed the common law rule; that arbitrators were judges selected by the parties, and that by the common law they could act judicially without being sworn; that the oath prescribed to be administered in such cases was not a prerequisite to jurisdiction, and that its omission, if not waived, was a mere irregularity—Howard v. Saxton, 4 Comst. 157.

But this court has decided differently, holding that the neglect of the arbitrators to be sworn was such a fatal omission that the award rendered by them would be invalid—

Toler v. Hayden, 18 Mo. 399. We feel bound to follow the decisions of our own court; besides, we consider it the better doctrine. Arbitrators act in a judicial capacity, and the same reasons exist for their complying with the requisitions of the statute that exist in the case of other judicial officers. As this is decisive of the cause, it will be unnecessary to notice the other errors assigned.

Reversed and remanded. Judge Holmes concurs; Judge Lovelace absent.