ALFRED K. FASSETT, Respondent, *v.* ALONZO D. FASSETT and JOHN W. SMITH, Appellants.

1. *Arbitration—Awards.*—Upon a written agreement to submit matters in dispute to arbitration, the arbitrators must be sworn, or the award will be invalid.
2. *Practice—Pleading—Award—Arbitration.*—A replication to an answer setting up an award, denying the allegation of the answer, and stating that there never was any award made that had any binding force or validity, is sufficient.

*Appeal from St. Louis Circuit Court.*

*Krum, Decker & Krum,* for appellants.
*M. C. Day,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff brought his suit to recover the value of his interest in a certain leasehold, being for the unexpired term of two years and nine months. The parties were originally partners in trade, and while prosecuting their business as co-partners acquired the lease, and upon a dissolution of the firm they were unable to agree as to its value for the time it had to run. They entered into a written agreement to submit the matter to three persons as arbitrators, but the persons designated to make the award were not sworn. Two of them met and made a valuation, but afterwards one of them deposed that he had made an error in his calculation and that the lease was worth greatly more than the paper he had signed showed. This suit was brought on a *quantum meruit,* and the defendants in their answer pleaded the award as a bar to the action. The plaintiff in his replication denied that there was any binding or valid award. On the trial, the court excluded the evidence of the award made by the abritrators because it was a submission in writing and not sworn to by them.

This court has held that an agreement in writing to submit matters in dispute to arbitrators is a submission within the statute, and a neglect by the arbitrators to take the oath

prescribed by the statute renders their award invalid—Walt v. Huse, 38 Mo. 210 ; Toler v. Hayden, 18 Mo. 399. If the award is then invalid, it is nothing more than waste paper, and cannot become competent or available to either party.

But it is urged that the plaintiff did not sufficiently deny the averment of a valid award set up in the answer, and therefore no issue was made by the pleadings. It is true a defence cannot be made at the trial, by evidence, unless it be presented by the pleadings ; but we are of the opinion that the replication here was sufficient, and clearly raised the issue. It denied the allegation of the answer, and stated there never was any award made that had any binding force or validity against the plaintiff. It was reasonably explicit and fully apprised the defendants of the objection made.

There is nothing in the point that the damages are excessive. The judgment is for considerably less than the estimate placed upon the value of the interest by a large majority of the witnesses. Had it been for more, it would have been well supported by the evidence, and we would not have interfered. We see nothing exceptionable in the instructions of the court, or in its action with regard to the exclusion or admission of testimony.

Judgment affirmed. The other judges concur.