Tucker v. Allen et al.

CHARLES L. TUCKER, Appellant, *v.* GERARD B. ALLEN *et al.*, Respondents.

1. *Arbitrations — Awards, attestation of, at what time necessary.* — The non-attestation of an award at the time of promulgation (see Wagn. Stat. 143, § 6) does not necessarily vitiate the award. The attestation is a formality that may be supplied after suit on the matters arbitrated has been brought, and after motion to confirm the award had been refused. And *semble,* that no attestation at all is necessary for the purpose of suing on the award where the submission did not provide for a confirmation under the statute.

2. *Arbitrations regarded with favor by courts.* — The Missouri statute concerning arbitration was plainly designed to encourage the adjustment of differences between parties by arbitration by providing a summary mode of enforcing awards and of setting them aside where good cause could be shown for doing so.

3. *Arbitrations — Award — Waiver — Evidence showing waiver of oath is competent.* — A written submission to arbitration is a statutory one, and under the statute touching arbitrations (Wagn. Stat. 143, § 3) the arbitrators must be sworn before proceeding to hear testimony. But the parties to the arbitration may waive the taking of the oath, and evidence of circumstances showing such waiver is competent before a jury.

4. *Arbitrations and awards — What constitutes a valid award to be determined by the court.* — Where an award is offered in evidence it is for the court to determine what facts were requisite to constitute a valid award, and to declare the legal effect of the award when made.

*Appeal from St. Louis Circuit Court.*

*Slayback & Haeussler,* for appellant.

I. Arbitrators could not become such without taking the oath. "Arbitrators not sworn can make no award that is binding and valid as a statutory award." (Walt v. Huse, 38 Mo. 210–13, confirming 18 Mo. 399, and modifying and reviewing 28 Mo. 166; 10 Mo. 161; Fassett v. Fassett, 41 Mo. 516.)

II. The award was not signed by the arbitrators.

III. The award was not attested.

*Krum & Decker,* for respondents.

I. The arbitrator's oath in the case at bar could be waived. (Childs' Ex'r v. Updyke, 9 Ohio, 336; Wood v. Page, 37 Verm. 254; Tombs v. Richmond & Lynchburg R.R., 18 Barb. 583; Valle v. North Missouri R.R., 37 Mo. 445.)

II. The objection is technical, and even if this were a proceeding by motion (which it is not) the court, if the award were filed in the court, would allow the attestation at any time. (Newman v. Labeaume, 9 Mo. 31.)

CURRIER, Judge, delivered the opinion of the court.

The plaintiff sues to recover damages for various alleged breaches of a contract which is set out in the petition. The defendants, among other grounds of defense, plead in bar of the suit an award alleged to have been made in pursuance of a written submission to arbitration of the matters for which this suit is brought. At the trial the award was presented and read in evidence without objection as to its attestation or want of a proper attestation. It appeared in evidence, however, that the attestation upon the award was made after the award was promulgated, and after the overruling of a motion for its affirmance in the Circuit Court. On this subject the plaintiff asked an instruction to the effect that the award was to be treated as invalid in case the jury found from the evidence that it was not attested till after this suit was brought, and after a motion to confirm it had been overruled. The instruction was refused, and the plaintiff complains of the action of the court in that respect as erroneous.

The statute (§ 6) provides that awards enforceable by motion, as contemplated by the seventh section of the act, should be attested by a subscribing witness. The non-attestation, however, at the time of promulgation, does not necessarily vitiate the award. The attestation is a formality that may be supplied at a future period. It has been so held repeatedly. (Newman v. Labeaume, 9 Mo. 29; Field v. Oliver, 43 Mo. 200.) The objection here is not that the award was not attested, but that the attestation came too late. The instruction is founded upon that idea. It was, I think — and for the reasons already suggested — properly refused. The decisions above referred to show that the attestation may be supplied after the delivery of the award. This court has in fact gone further than that, and pointedly held that no attestation is necessary for the purpose of suing on the award, where the submission did not provide for a confirmation under

the statute. It was so decided in Valle v. North Missouri R.R., 37 Mo. 445. The judge delivering the opinion in that case says: "This (the attestation) is not made necessary under our statute unless the submission provides that it shall be made the judgment of the Circuit Court and enforced according to the provisions of the statute." The point was distinctly made and was distinctly passed upon. The award in that case was made in pursuance of a written submission, and so under the statute. It was never attested, and was objected to on that ground. But the court held that an attestation was not necessary for the purpose of maintaining a suit upon the award. A large judgment upon the award was accordingly affirmed.  -

It may be remarked in this connection that courts have ever been disposed to encourage the settlement of difficulties by arbitration. The proceedings in such cases are regarded with favor and construed with liberality. Awards have very rarely been overturned on the ground of the non-observance of unimportant formalities. Our statute was plainly designed to encourage the adjustment of differences between parties by arbitration, by providing a summary mode of enforcing awards. And the statute not only makes provision for enforcing awards when regularly made, but also for setting them aside in a summary way when good cause can be shown for doing so. An award may be vacated, on motion, for any kind of "misbehavior" on the part of arbitrators whereby the rights of either party have been prejudiced. So it may be vacated where the arbitrators either exceeded their powers, or so imperfectly executed them that a "mutual, final and definite award on the subject (of submission) was not made" (§ 9). When parties submit a controversy to arbitration, and an award is made, ought not the party dissatisfied with the result, and who does not propose to abide by it, to move the court to vacate it in some reasonable time? Can he lie by indefinitely, and then, when sued, avail himself of unimportant informalities to defeat the award? That line of action is certainly not to be encouraged. But the arbitrators who made the award now under consideration were not sworn, and that is made a ground of objection to the award. According to the prior decisions of this

court, the submission is to be regarded as under the statute since it was in writing, and the statute (§ 3) requires the arbitrators to be sworn before proceeding to hear the testimony. (Taylor v. Hayden, 18 Mo. 399 ; Bridgeman v. Bridgeman, 23 Mo. 377 ; Walt v. Huse, 38 Mo. 211.) But here the parties to the submission expressly waived the swearing of the arbitrators, as the evidence tended to show and as the jury must have found. Were they competent to do that? In Valle v. North Missouri R.R., *supra*, it was assumed by the judge delivering the opinion of the court that the oath might be waived. In New York, under a similar statute, the point has been distinctly passed upon and ruled the same way. It is there held, not only that the oath may be expressly waived, but also that a waiver may be inferred from surrounding circumstances — as when the parties proceed to a hearing without objection — notwithstanding the non-swearing of the arbitrators. On this subject, Bronson, J., in delivering the opinion of the court in Howard v. Sexton, 1 Denio, 440, remarks : " True, the statute says the arbitrators shall be sworn. But that, like similar provisions in regard to judges and jurors, was only intended to secure to the parties, if either of them desired it, a hearing and decision by persons sworn to a faithful discharge of their duties." " I can not suppose," the judge further observes, " that the Legislature intended to prohibit the parties from waiving the oath of the arbitrators." And so I say in regard to the statute of this State, it is wholly improbable that the Legislature intended any such prohibition. My conclusion, therefore, is that the evidence in relation to the waiver was properly received, notwithstanding the plaintiff's objections. It was consequently proper for the court to instruct the jury that, if they found the fact of an express waiver, the omission to swear the arbitrators was not material to the validity of the award. (See Howard v. Sexton, 4 N. Y. 157.) Whether the parties executed the written submission read in evidence ; whether the evidence under that submission was submitted to the arbitrators tending to establish the alleged breaches of the defendant's contract, and the damages resulting therefrom ; whether the parties expressly waived the swearing of the arbitrators ; whether the award was signed by two

of the three arbitrators who heard the case, were issues of fact, all of which were properly submitted to the jury under the instructions of the court. It was for the jury to pass on these questions; but it was for the court to determine what facts were requisite to constitute a valid award, and to declare the legal effect of the award when made. It has not been shown that the court erred in declaring the law on these points. The court was also asked to instruct in regard to a supposed waiver of the award itself on the part of the defendants. The instruction was refused, and properly, since the pleadings made no such issue. Other instructions were asked by the plaintiff and refused by the court. They were based upon a theory of the law in conflict with the views already expressed in this opinion, and I do not deem it necessary to pursue the subject further.

With the concurrence of the other judges, the judgment will be affirmed.