Robert Burrows

*v.*

Ossian Guthrie *et al.*

1. AWARDS—*of the certainty required therein.* As a general principle, an award must be certain in itself, but certainty to a common intent is all that is required. The award must clearly establish the rights of the parties to the thing or matter in controversy, but parol evidence is always resorted to for the purpose of identifying the matter or thing.

2. If the award settles the rights of the parties, and can be rendered certain by reference to accounts or other documentary evidence, it will be sustained.

3. As, where an award makes reference to an account, the account may be properly referred to for the purpose of ascertaining the meaning of or explaining the award.

4. The award is to be judged of according to a common intent consistent with fair and reasonable presumption, and if it is so far certain as, from the nature of the subject of it, could be reasonably expected, and the directions of the arbitrators can, with tolerable ease, be reduced to a certainty, as by reference to any written document or the inspection of any particular thing, house or land, it will not be impeachable on the ground of uncertainty.

5. SAME—*when objection for uncertainty should be raised.* The objection that an award is not certain or final should be made before judgment is pronounced thereon.

6. SAME—*whether party estopped from denying validity of award by acting under it.* Where the affairs of a partnership had been submitted to arbitration, and after judgment was pronounced thereon, and at a subsequent term of the court, one of the parties acted under the award by entering a motion for a rule on the other party, requiring the latter to make and file under oath a detailed and itemized statement of all his receipts and disbursements as receiver and trustee under and by virtue of the award, it was *held*, that such party was thereby estopped from thereafter questioning the validity of the award.

7. SAME—*conclusiveness of judgment upon.* The judgment rendered upon an award is conclusive of its validity unless impeached for fraud.

8. SAME—*compliance with the award enforced by attachment for contempt.* After judgment had been pronounced upon an award, and one of the parties thereafter refused to comply with its terms, it was *held*, that at a subsequent term the court might properly rule such party to comply with the award within the time fixed by the court, and on his failure so to do, to consider him as in contempt, to be dealt with accordingly.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. TURNER, BRAWLEY & TURNER, for the appellant.

Messrs. HARDY & HERRICK, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the circuit court of Cook county to reverse a judgment rendered on a motion by appellee for a rule upon appellant requiring him to comply with a certain award.

It appears the award was made and published on the 30th of September, 1869, and being produced in court on the 23d of October, 1869, appellant filed eight objections to the award, and to the entry of judgment thereon, all which objections were traversed by appellees, and they pleaded, as in estoppel thereof, that after signing and sealing the award, and before the same was filed in court, appellant freely, voluntarily and fully consented to and accepted the award as binding and

conclusive upon him in all things, and that he acted upon the award by making, executing and delivering to appellees, on the 30th day of September, 1869, his receipt or release in writing in full of all demands, and a release of all actions, suits, controversies, claims and demands whatsoever in accordance with the said award; that he took his share of the loose property, paid his portion of the expenses of the arbitration, and accepted the horses, wagon and harness awarded to him, and allowed Ossian Guthrie to act as trustee or receiver, with his full knowledge and consent; and they further averred, in their plea of estoppel, that they themselves had, in good faith, accepted the award with all its conditions, and have, since its date, acted under it, and that Ossian Guthrie made, executed and delivered to appellant a bond of indemnity precisely as required by item seven of the award, conditioned as therein required, and thereafter proceeded to collect the debts due the firm, and to pay the debts of the firm; and they further averred that, upon filing the award in court, they had, in good faith, and with the knowledge and consent of appellant, paid all the outstanding debts of the firm, as provided in said award, and were ready and willing to carry out the award fully.

There was no issue made up on this plea, and at the January term, 1871, of the circuit court, appellant withdrew his objections, whereupon it was ordered that judgment be entered on the award, with costs to be taxed; and it was further ordered that the respective parties to the award be required to do and perform the several and respective acts and things which, by the award, they were severally and respectively directed and awarded to do.

At the April term following, appellant entered his motion for a rule upon Ossian Guthrie to make and file, under oath, a detailed and itemized statement of all his receipts and disbursements as receiver and trustee under and by virtue of the award.

This report was made by the trustee and receiver to the following June term of the court, and duly sworn to, and to which no exception was taken.

At the same term appellees had entered their motion, based on affidavits, for a rule upon appellant to comply with the award in these particulars, namely:

1.   That he deliver to Ossian Guthrie sixty-seven thousand feet of lumber, consisting of scantling, joists and piece stuff, which was, by the 8th and 9th specifications of said award, ordered into the custody of said Ossian Guthrie.

2.   That he dismiss, at his costs, the replevin suit of Robert Burrows v. George Kretsinger, Frederick S. Kretsinger, Wardell Guthrie and Ossian Guthrie, now pending in the Superior Court of Cook county, by virtue of which suit he, after said award was made and assented to by him, wrongfully obtained possession of said sixty-seven thousand feet of lumber.

3.   That he pay to deponents' attorney a reasonable fee for defending said replevin suit, and for such other services as are, in the judgment of the court, made necessary by the wrongful acts complained of.

4.   That he at once pay to Ossian Guthrie the sum of one hundred and forty-two and 76-100 dollars, which he, the said Burrows, in violation of specification seven of said award, collected, after said award was made, of T. F. Phillips, on a bill of work done by said Guthrie and said Burrows, pertaining to their co-partnership, previous to said submission to arbitrators.

In their own affidavits accompanying the motion, it is explained that this quantity of lumber was a part of a cargo of the schooner Bean, which Burrows had purchased for the firm of Guthrie & Burrows, of Loomis, Mason & Co., previous to the arbitration, which was then on hand as the property of that firm at the time of the award, and formed a part of the lumber adjudicated upon in the award and referred to in clause

" eight," and was also a part of the lumber mentioned in clause "nine" of the same award, and of which Ossian Guthrie had received a bill of sale, but was not to be delivered by him to Burrows, for the reason that the entire cargo was charged to the firm of Guthrie & Burrows, and paid for out of moneys charged by him to said firm in his account rendered to the arbitrators, and which account was used by the arbitrators as the basis of their award. And it is also alleged in the affidavit, that this lumber was, at the time of the commencement of the replevin suit by Burrows, in the possession of the Kretsingers on their dock, or in store for the firm of Guthrie & Burrows; and long after the award was made, and, in fact, executed and fully assented to by both parties, Burrows falsely made an affidavit in replevin that he was the owner, and lawfully entitled to the possession of that lumber, and, in direct violation of the award, by virtue of the writ of replevin, seized and took away from the deponents the lumber, the sole right to the possession of which he, Burrows, well knew was vested in said Ossian Guthrie by the award.

And they further allege, in their affidavit, that Burrows, ever since the seizure of the lumber, has kept possession of it, and excluded Ossian Guthrie from his rightful possession thereof, to their great injury and the great delay and hindrance of their business; that, by reason of the unjust action of Burrows, deponents have been compelled to employ counsel to defend the replevin suit, both for themselves and for the Kretsingers, who were merely the custodians of the lumber for Ossian Guthrie, and not interested in the possession of the same.

Deponents further say, that, in the further violation of the award, Burrows, on the 23d of March, 1870, collected of one T. F. Phillips the sum of one hundred and fifty-two 76-100 dollars on a debt due the firm of Guthrie & Burrows in respect of their partnership transaction, and specially mentioned in clause "seven" of the award, and appropriated the same to his own use, and has ever since retained that money, well

knowing that Ossian Guthrie alone was entitled to receive that and all other moneys due that firm.

An answer was put in by appellant to these allegations, verified by his own affidavit, and the court fully examined all the testimony produced by the parties on the hearing of the motion, which included the affidavits of the arbitrators and of the Kretsingers, and the order of the court made at the January term, 1871, above recited, entering a judgment upon the award at that term, all objections to the award having been withdrawn by appellant.

The testimony introduced by appellant in no respect weakens the claim set up by appellees to have the rule as moved for.

The court, after a hearing of all the evidence, entered judgment substantially as follows:

That said Robert Burrows, within five days from the entry of this order, deliver to said Ossian Guthrie sixty-seven thousand two hundred and three feet of lumber, the balance of the lumber belonging to the firm of Guthrie & Burrows, replevied by said Burrows, after said award, the charge and custody of which, under the 8th specification of said award, was adjudged and awarded to him, and that in default thereof, the said Robert Burrows be attached for contempt.

To reverse this judgment, Burrows appeals.

The submission of the parties recites substantially that, Whereas, appellant and appellees, by a writing dated April 28, 1869, entered into co-partnership in the business of constructing sidewalks, etc.; and whereas, divers disputes had arisen between the parties concerning the dissolution of said co-partnership, and the proper division and disposition of the profits and losses, and of the property and assets thereof; all said matters in dispute, and all other matters pertaining to the firm and its business, and none of same being in suit, are submitted as aforesaid, the award to be made by October 1st,

1869:   Provision, that the statutes of Illinois, in relation to arbitrations, shall govern the arbitrators and parties, and that the circuit court of Cook county shall render judgment upon the award to be made.

The arbitrators, it would seem from this award, thoroughly investigated all the matters in difference submitted to them, and made a comprehensive and specific award, containing twelve clauses, among which it is only necessary to notice the following:

*Seventh.* That the business shall be closed up, and all moneys shall be collected for work by said Ossian Guthrie, who shall give to said Robert Burrows a bond of indemnity, that he will faithfully carry out all the provisions of the foregoing arbitration, and shall pay all sums collected for and on account of said contract, after paying all debts and liabilities, as aforesaid, to said Wardell Guthrie and Robert Burrows, each to share and share alike in all moneys so collected.

*Eighth.* That said Ossian Guthrie shall have the charge of all lumber, tools and materials, contracts, receipts for work, certificates, etc., and he shall use due diligence to have all matters closed up as soon as practicable.

*Ninth.* That said Ossian Guthrie shall deliver up to said Robert Burrows all lumber that he may have received a bill of sale of, that is not charged by said Burrows, and paid for out of moneys so charged by him in his account rendered.

*Tenth.* That said Ossian Guthrie shall be, and is hereby made the trustee and receiver of said Guthrie & Burrows, and settle up all matters pertaining to such contract, and shall have the full control of all the assets of the company, and be empowered to make all settlements, without impeachment for waste, on the said outstanding claims due Guthrie & Burrows, and O. & W. Guthrie, with the city of Chicago.

Exceptions are taken in this court, by appellant, to clauses "eight" and "nine," he insisting that, as this is a statutory

proceeding, it is subject to the strict rules applicable to such cases; that the award must speak for itself, and no resort can be had to extraneous circumstances to explain its meaning.

As a general principle, an award must be certain in itself. *Howard* v. *Babcock,* 21 Ill. 259. But the degree of certainty required is explained in the case to which reference was made, *McDonald* v. *Bacon,* 3 Scam. 431, which is, certainty to a common intent. The award must clearly establish the right of the party to the thing or matter in controversy, but parol evidence is always resorted to for the purpose of identifying the matter or thing. This is illustrated by the case of *Whittemore* v. *Mason,* 14 Ill. 392, where arbitrators were called upon to decide to which party a portion of a certain fence belonged. They decided that one of the parties might remove the rails and stakes put in the fence by one Magoon. It was held the award was sufficiently certain, as much so as the nature of the case admitted. It established the rights of the parties, and provided a test by which the property of each could be ascertained. It was enough to decide to whom the rails belonged, leaving it to the parties to identify and recover them.

So here, the lumber mentioned in clauses "eight" and "nine" is identified by the affidavits, so clearly as to leave no room for doubt or mistake. And it will be seen by clause "tenth," that Ossian Guthrie was made the receiver and trustee of this concern to receive the assets, pay the liabilities, and close up the concern; the eighth clause, therefore, could have but one meaning, and that is, that the partnership lumber, tools and materials are intended, and them only. What those articles were, is a question of identity to be settled by proof. The ninth clause also explains the eighth, as by that Ossian Guthrie is required to deliver up to Burrows all lumber that he may have received a bill of sale of, which was not charged by Burrows and paid for out of money charged by him in his account rendered. Whatever lumber Burrows bought on the responsibility of the firm, was to be held as firm lumber; that which he bought on his own personal liability was to be

his own, and Ossian Guthrie was to deliver it up to him.  In his account rendered to the arbitrators, appellant claimed that he had purchased the cargoes of two schooners, one the "John Bean," and the other "The Fashion," all of which was deposited on Kretsinger's dock.  If appellant charged this lumber, in his account rendered to the arbitrators, to the firm of Guthrie & Burrows, then clearly it was remitted by the award to the possession of the receiver, or trustee.  That a portion of it did belong to the firm is clearly proved, and is part of the same lumber appellant replevied from the Kretsingers.

The lumber mentioned in clause "nine," it appears by the testimony, was lumber furnished by appellant, proved by him and allowed by the arbitrators as a proper bill against the firm of Guthrie & Burrows, and was part of the cargo of the schooner Fashion, which appellant had purchased for his own private use, and had not charged it to the firm.  The portion remaining of the cargo of the schooner "John Bean" incontestibly belonged to the firm, the possession of which was awarded to Ossian Guthrie by the eighth clause, the trustee and receiver of the concern.  What is meant by the bill of sale received by Ossian Guthrie of lumber, and which he is to deliver up, is explained by the testimony of Sherman, one of the arbitrators, in this way: that the cargo of the "Bean" bought by appellant for the firm, was not, in fact, paid for by appellant in money, but, without the authority of his co-partner, appellant wrongfully executed promissory notes therefor, signed with the firm name, and pledged them to the Fourth National Bank, and appropriated the proceeds to his own private use.

These notes were presented to appellees for payment, in appellant's absence, when Ossian Guthrie bought the notes of the bank, and to secure himself, took a bill of sale from the bank of the lumber.  This bill of sale covered parts of the cargoes of "The Fashion" and "John Bean"—the former being awarded to appellant, and the latter to appellees.

It is entirely legitimate to refer to this account rendered by appellant in explanation of the award. *Farr* v. *Johnson,* 25 Ill. 522.

The result of the arbitration in regard to the lumber was this: that the firm lumber replevied by appellant of the Kretsingers, should be in charge of Ossian Guthrie; that portion of the lumber of which Ossian had a bill of sale from the bank was to be delivered by him to appellant. This disposes of the lumber finally and certainly.

An award is not to be certain to every intent in particular, but as this court said, in *Henrickson* v. *Reinback,* 33 Ill. 302, it is to be judged of according to a common intent consistent with fair and reasonable presumption, and that courts will not suffer an award to be disturbed which is so far certain as, from the nature of the subject of it, could be reasonably expected, and when the directions of the arbitrators can, with tolerable ease, be reduced to a certainty, as by reference to any written document, or the inspection of any particular thing, house or land, an award will not be, on such ground, impeachable. A reference is made to Caldwell on Arbitration, 251.

Arbitrations are regarded, in modern times, more favorably than formerly, and if they settle the rights of the parties, and can be rendered certain by reference to accounts or other documentary evidence, they will be sustained. Force is given to the favored maxim of the law, "*id certum est quod certum reddi potest.*"

These objections, that the award was not certain or final, should have been made at the January term, 1871, before judgment was pronounced on the award. That judgment is conclusive of the validity of the award, unless impeached for fraud. Appellant has acted under the award by calling upon the trustee and receiver to render an account, and this estops him from now questioning its validity. There is no doubt, from the whole record, that the award was, when published, satisfactory to all parties. All the affairs of the partnership

were settled by it, on just principles, and appellant ought to perform it on his part.

Some objection is made by appellant to the expression in clause eight, that Ossian Guthrie shall have charge of the lumber, etc., and he contends that it did not justify the court in deciding that the lumber should be delivered to Ossian Guthrie.

It will be observed that Ossian Guthrie was appointed receiver and trustee, clothed with the powers and burdened with the duties of that position, and recognized as such by the court in pronouncing judgment on the award at January term, 1871. Being such receiver, and placed in charge of the lumber, etc., he must necessarily have possession of it, and to get possession, appellant, who wrongfully withheld it, was bound to deliver the possession. As a member of the firm, appellant had no right to the possession after the award was published. If a member of a firm could so act, the affairs of the co-partnership could not be settled.

In conclusion, we are of opinion, as the validity of the award had been adjudged by the court at the January term, 1871, and appellant was contumacious, the court, at the subsequent term in June, had a right to rule him to comply with the award within the time fixed by the court, and on his failure, to consider him as in contempt, and to be dealt with accordingly.

Perceiving no error in the judgment, it must be affirmed.

*Judgment affirmed.*