Cochran v. Bartle.

## COCHRAN v. BARTLE, *Appellant.*

1. **Arbitration**: SWEARING OF ARBITRATORS AND WITNESSES, WAIVER OF. Where the parties to an arbitration waive the swearing of the arbitrators and witnesses, the award cannot be assailed on the ground of their failure to be sworn, and this is the case notwithstanding such swearing is required by the statute.

Cochran v. Bartle.

2. ———: ———: ———. Nor is it material to such waiver that the parties did not know that the statute required the oath.

3. **Award, When Sufficiently Certain.** An award is sufficiently definite if it can be rendered certain, by reference to accounts, or other documentary evidence. When it leaves nothing to be done to dispose of the matter, except mere ministerial acts, or mathematical calculations, it will be sustained.

4. ———: MISTAKE OF LAW. An award on an arbitration to settle a partnership will not be set aside on the ground that the arbitrators mistook the law in their award, in charging the whole of the losses in the years in which no profits were made, to defendant, where, for aught that appears on the face of the award, the arbitrators based their finding on an agreement between the partners and their dealings with each other, to the effect that the plaintiff should not be chargeable with losses.

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*Smith & Harrison* for appellant.

(1) The submission in question in this case, having been in writing, is within the statute concerning arbitrations, and section 329, Revised Statutes, which imposes a duty on the arbitrators, and not on the parties, and which, in plain terms, prohibits the former from proceeding without first qualifying under oath, was applicable to the case. It follows, from this, that, unless the statute was complied with, in the matter of the arbitrators' oath, either by performance of its requirements, or by the equivalent of such performance, the award is void. If that statute was violated, so that the award could not be good *de jure,* then the award could have no binding force *de facto,* but was, and is, a nullity. *Toler v. Hayden,* 18 Mo. 399 ; *Bridgman v. Bridgman,* 23 Mo. 272; *Hamlin v. Duke,* 28 Mo. 166 ; *Walt v. Huse,* 38 Mo. 210 ; *Fassett v. Fassett,* 41 Mo. 516 ; *Wolf v. Hyatt,* 76 Mo. 156; *Williams v. Perkins,* 83 Mo. 379, 384 ;

*Hepburn v. Jones*, 4 Col. 98. (2) The neglect of the arbitrators to be sworn was not a mere irregularity, but was such a fatal omission as to render the award invalid. The taking of the oath is jurisdictional in character, and it should appear on the face of the proceedings before the arbitrators, either that they took and subscribed the oath and filed the same with their award, or that the parties expressly entered into some agreement to be filed with the award, as a substitute and equivalent for the statutory oath. Since the amendment, in 1879, of section 329, Revised Statutes, requiring the oath to be filed with the award, it is not competent for parties to waive the oath by implication. *Toler v. Hayden*, 18 Mo. 399; *Frisell v. Fickes*, 27 Mo. 557; *Walt v. Huse*, 38 Mo. 210, 213; *Fassett v. Fassett*, 41 Mo. 516; *Inslee v. Flagg*, 26 N. J. L. [2 Dutch.] 368, 371; *People v. Connor*, 46 Barb. 333; *Hepburn v. Jones*, 4 Col. 98; *Lile v. Barnett*, 2 Bibb. 166; *Overton v. Alpha*, 13 La. An. 558; *In re Villmar*, 10 Daly, 15, and cas. cit.; *French v. Mosely*, 1 Litt. [Ky.] 248; *Combs v. Little*, 3 Green Ch. 310; *Sharkey v. Wood*, 5 Rob. [La.] 326; *Harrold v. Lewis*, 3 Martin [La.] 317; *Bowen v. Lanning*, 1 Penning. [N. J.] 102, s. p. 139; *Reeves v. Goff, Ibid*, 105, s. p. 143; *Parker v. Crammer, Ibid*, 197, s. p. 271; *Littles v. Silverthorne, Ibid*, 501, s. p. 680; *Jackson v. Steele*, Sneed [Ky.] 21; *Vaughan v. Scade*, 30 Mo. 600, 604; *Brown v. Railroad*, 37 Mo. 298. (3) Whether this be regarded as a suit at law or in equity, it must be considered, for the purposes of this appeal, that defendant did not, at the hearing before the arbitrators, know of the omission of the arbitrators to be sworn. If it be held that the case is one at law, then defendant's instructions on the question of knowledge should have been given by the court below. If the suit is in equity, this court will look into the evidence, where it will appear, beyond a doubt, that defendant had no knowledge whatever on the subject, and that nothing occurred to

put him on inquiry. He did not even know that the law required the arbitrators to be sworn, and the question was never discussed, at the hearing or elsewhere, in defendant's presence, until after the award. Under these circumstances, there was no waiver of the oath on the part of defendant. His proceeding before the arbitrators without objection, while ignorant of the facts, is not evidence of waiver. *Toler v. Hayden*, 18 Mo. 399; *Frisell v. Fickes*, 27 Mo. 557; *Walt v. Huse*, 38 Mo. 210, 213; *Fassett v. Fassett*, 41 Mo. 516; *Inslee v. Flagg*, 26 N. J. L. [2 Dutch.] 368, 371; *People v. Connor*, 46 Barb. 333; *Otis v. Northrop*, 2 Miles [Pa.] 350; *Hepburn v. Jones*, 4 Col. 98; *Lile v. Barnett*, 2 Bibb. 166; *French v. Mosely*, 1 Litt. [Ky.] 248; *Overton v. Alpha*, 13 La. An. 558; *Harrold v. Lewis*, 3 Martin [La.] 317; *Sharkey v. Wood*, 5 Rob. [La.] 326; *Combs v. Little*, 3 Green Ch. 310; *Jackson v. Steele*, Sneed [Ky.] 21; *Hoxie v. Insurance Co.*, 32 Conn. 21, 40; Pomeroy's Eq. Jur., sec. 809; Bispham's Equity, secs. 258, 288; Bigelow on Estoppel, 568; *Bales v. Perry*, 51 Mo. 449, 453; *Smith v. Hutchinson*, 61 Mo. 83; *Fox v. Hazelton*, 10 Pick. 275; *Scott v. Moore*, 41 Vt. 205, 210, 211; *Duckworth v. Diggles*, 139 Mass. 51; *Merrill v. City of St. Louis*, 83 Mo. 244, 251; Hermann on Estoppel, sec. 825; *Dyas v. Hanson*, 14 Mo. App. 363, 375, and cases cited; *Goodger v. Finn*, 10 Mo. App. 226. (4) The partnership agreement between plaintiff and defendant fixed the proportion of profits which each was to receive, but was wholly silent as to losses. From this, it is implied, both in law and equity, that he who had the chance of gain should incur the hazard of loss. The communion of profits implied a communion of loss, and when the arbitrators charged the whole loss of the years in which the firm made no profits upon defendant, they acted in violation of what, both in law and in equity, is presumed to have been the understanding of the parties. Under these circumstances, the court will not enforce

Cochran v. Bartle.

the award. Affirmative relief will not be granted upon a principle which is recognized neither at law nor in equity, and which, both in law and in equity, is pronounced unjust and inequitable. The award is upon a point "universally known and clear," and is "plainly and grossly against the law." It is, therefore, bad. Morse on Arbitration, 314; *Cleary v. Coor*, 1 Hayward [N. C.] 225; *Hartshorne, Adm'r, v. Cuttrell*, 2 N. J. Eq. 297, and cas. cit.; *Herrick v. Blair*, 1 John. Ch. 101, and cas. cit.; *Whitehill v. Shickle*, 43 Mo. 537. (5) Under the evidence in this cause, there was no waiver of the duty of the arbitrators to swear the witnesses. When defendant asked to have the witnesses sworn, it was the duty of the arbitrators to enforce the statute in that regard. Their reply to him was equivalent to a refusal. (6) The award is not final.

*Broadhead & Haeussler* for respondent.

(1) Parties to an arbitration may waive the taking of the oath by arbitrators, or the swearing of the witnesses therein, and such waiver may be either express, or may be inferred from the conduct of the parties, or the surrounding circumstances. Morse on Arb. and Award, 171, and cases cited; *Durham v. Security Insurance Co.*, 3 Watts, 126; *Maynard v. Frederick*, 7 Cush. 247; *Wary v. Heinrich*, 25 N. H. 381; *Howard v. Sexton*, 1 Denio [N. Y.] 440; *Tucker v. Allen*, 47 Mo. 488; *Newcomb v. Wood*, 97 U. S. 581; *Valle v. Railroad*, 37 Mo. 445, 450; *Browning v. Wheeler*, 24 Wend. [N. Y.] 250; *Nason v. Luddington*, 56 How. Pr. 172; *Grafton Co. v. McCully*, 7 Mo. App. 580; *Edwards v. Gormhart*, 56 Mo. 86; *Hemghigh v. Krannar*, 50 Pa. St. 530; *Sweeny v. Vaudry*, 2 Mo. App. 352; *Neely v. Buford*, 65 Mo. 448; *Phillip v. Couch*, 66 Mo. 219; *Bray's Adm'r v. Seligman, Adm'r*, 75 Mo. 31; *Grant v. Holmes*, 75 Mo. 109; *Carter v. Prior*, 78 Mo. 222;

*Grayson v. Weddle,* 80 Mo. 39 ; *Merrill v. St. Louis,* 83 Mo. 244, 251; *Young v. Powell,* 87 Mo. 128. (2) As regards statutory provisions relating to the formalities of legal procedure, knowledge of their existence by the parties thereto is not a prerequisite to a waiver thereof. The oath of arbitrators and witnesses may be waived, and it is immaterial that the parties did not know that the statute prescribed an oath. *Grafton Quarry Co. v. McCully,* 7 Mo. App. 580 ; *Neely v. Buford,* 65 Mo. 448. (3) The question of waiver where the facts are disputed is one of fact, and the finding of the triers of the fact will not be disturbed when there is evidence to support it. (4) The award was within the terms of the submission and covered all the matters presented to the arbitrators by the parties. It was sufficiently certain, definite, and final. All that is necessary, in order to arrive at the amount due plaintiff, under the findings of the arbitrators, was to eliminate from the accounts on the books the items of "losses" which had been improperly charged to plaintiff therein, and strike a balance, or merely make an arithmetical calculation. Certainty, to a common intent, is all that is necessary in an award, and it is sufficient if the arbitrators consider and determine those matters only which are presented to them. 6 Wait's Actions, 545 ; *Purdy v. Delevan,* 1 Cairnes Rep. 314 ; *Locke v. Filley,* 14 Hun [N. Y.] 139 ; *Backus v. Fobes,* 20 N. Y. 204 ; *Atchison v. Cargey,* 9 Moore C. P. 381 ; *Owen v. Boerum,* 23 Barb. [N. Y.] 196 ; *Carsley v. Lindsay,* 14 Cal. 390 ; *Akely v. Akely,* 16 Vt. 456 ; *Johnson v. Ambler,* 14 Johns. 96 ; *Rush v. Davis,* 34 Mich. 190 ; *Waite v. Barry,* 12 Wend. 380 ; *Perkins v. Giles,* 50 N. Y. 228 ; *Wright v. Smith,* 19 Vt. 110 ; *Burrows v. Guthrie,* 61 Ill. 70 ; *Hays v. Miller,* 12 Ind. 187 ; *Benson v. White,* 101 Mass. 48 ; *Fudicar v. Insurance Co.,* 62 N. Y. 392 ; *Pearce v. McIntyre,* 29 Mo. 425. (5) The objections made by de-

fendant to the conduct of the arbitrators or the character of the award should have been raised by motion to vacate, under section 335, Revised Statutes, 1879. *Tucker v. Allen*, 47 Mo. 488.

NORTON, C. J.—Plaintiff and defendant, who were partners in business, upon the dissolution of the partnership, disagreeing as to how the partnership should be settled as between themselves, entered into the following agreement:

"An agreement made this sixth day of June, A. D., 1883, by and between William G. Bartle and Frederick G. Cochran, both of the city of St. Louis, and State of Missouri. Witnesseth: That, whereas, a controversy exists between said parties in relation to the adjustment and settlement of the accounts between them as partners in business, under the firm name of Bartle & Cochran, and desiring to avoid litigation, said parties respectively hereby mutually agree to submit said controversy and all matters between them, growing out of said partnership business, to the decision of Archibald N. Craig, E. O. Stanard, and Michael McEnnis, all business men residing in the city of St. Louis, aforesaid, whose decision shall be binding upon the respective parties hereto, and judgment of the circuit court of the city of St. Louis may be rendered upon the award upon the subject matter designated in this admission made by said arbitrators in writing. Executed in duplicate.

"Signed]          FREDERICK G. COCHRAN,
"WILLIAM G. BARTLE."

In pursuance of this agreement all the arbitrators met, and, as the result of their investigation, two of them made the following award:

"The undersigned, arbitrators in the question at issue, between William G. Bartle and Frederick G. Cochran, find, in the absence of any written agreement between the parties aforesaid during the first four years

Cochran v. Bartle.

business, and the vague expression in the written agreement signed by both of the aforesaid parties for the last year's business, ending November 1, 1882, to-wit: 'The interest of F. G. Cochran is changed from one-eighth of the profits to one-fourth in the future, as heretofore.' As there is nothing said in this agreement as to the liability of the said F. G. Cochran, in case of loss, and as the statements made by the said W. G. Bartle and F. G. Cochran do not agree with regard to the question of loss, we, therefore, find that we must either give up the case with regard to facts, or decide equitably from the best judgment we can bring to bear. With this in view we decide as follows, viz:

"1. F. G. Cochran is entitled to one-eighth of the profits in the years that profits were made during the first four years, and one-fourth of the profits of the year ending November, 1882.

"2. F. G. Cochran is to neither receive any money for his services nor pay any of the losses in the years that showed no profits.

"3. The accounts on the books of Bartle & Cochran are to stand as they are with the above exceptions.

"[Signed.]  MICHAEL McENNIS,
"E. O. STANARD.

"September, 10, 1883."

"Michael McEnnis and E. O. Stanard acknowledged to me in the presence of each other that these were their respective signatures, and asked me to witness same.

"[Signed.]  GEORGE H. MORGAN."

This suit is brought to enforce the above award.

The defendant in his answer resists its enforcement on the ground that neither the arbitrators nor witnesses were sworn, that the award is not specific enough to be enforced, and did not embrace all matters referred for arbitrament. On a trial had before the court sitting as a jury, judgment was rendered for the plaintiff, from

which the defendant has appealed, and assigns among other grounds of error the action of the court in giving and refusing instructions. The court tried the case upon the theory, as shown by the instructions given, that if the parties to the arbitration waived the swearing of the arbitrators and witnesses, the award could not be assailed on the ground that they were not sworn. If this theory is correct, and if there is evidence in the case tending to show such waiver, the court did not err in giving the instructions complained of.

That the theory adopted by the trial court was the correct one is established by the case of *Tucker v. Allen*, 47 Mo. 491, where it is held that, notwithstanding the statute requiring arbitrators to be sworn, the parties might waive the taking of the oath, and that the failure of the arbitrators to take the oath in case of such waiver, would not invalidate their award, and the doctrine of the New York courts was approvingly referred to, where it is held that such waiver might either be express or inferred from surrounding circumstances, as where the parties proceed to a hearing without objection.

The same principle is announced in the following authorities: *Howard v. Saxton*, 1 Denio [N. Y.] 440; *Newcomb v. Woods*, 97 U. S. 581. In the case last cited it is said: "The objection that the arbitrators were not sworn is waived by the plaintiff in error by appearing and going to trial without requiring an oath to be administered. If the witnesses had not been sworn the waiver of that defect under the same circumstances would have been equally conclusive."

Counsel have cited us to the cases of *Toler v. Hayden*, 18 Mo. 400; *Bridgman v. Bridgman*, 23 Mo. 272; *Walt v. Huse*, 38 Mo. 210; *Fassett v. Fassett*, 41 Mo. 516, and *Frissel v. Fickes*, 27 Mo. 557, as being opposed to the case of *Tucker v. Allen*, *supra*. This point, we think, is not well taken, as an examination of the cases

shows the question of waiver was not before the court in any of them, nor in any manner referred to, and that they only decide that every submission to arbitration which in writing is to be regarded as a submission under the statute, requires that the arbitrators should be sworn.

Under the authorities the court was fully justified in submitting the question as to waiver, provided there was evidence in the case tending to prove the fact, and that there was such evidence we think is clear, for the plaintiff testified to the following effe-t : that, at the first meeting, the arbitrators, plaintiff and defendant being all present, Mr. Stanard, one of the arbitrators, said : "Well, none of us have been put under oath, so I suppose all formalities are waived, and that we are not to be tied down to the order of procedure in courts ;" that before taking any testimony plaintiff said : "There is one point I want to be informed about before I go on ; my understanding is the omission of all legal formalities, and the swearing of all witnesses in this case has been by consent of parties. As I spoke I looked over towards the arbitrators, and they looked around, there was some little talk, and finally that was agreed to." It is true that there was conflicting evidence on this point, but that does not affect the question under consideration, which is not whether the weight of evidence as to waiver was on this or that side, but whether there was any evidence tending to establish that fact, and we think there was sufficient evidence to justify the court in submitting, as it did in the instructions, the question of waiver.

It is also insisted that the court erred in refusing instructions asked by defendant to the effect that, although the court might believe that defendant waived the taking of the oath by the arbitrators ; that, unless the court further believed that at the time of such waiver, defendant did not know that the statute required the arbitrators to be sworn that, in law, there was

no waiver. It is a well-recognized maxim that every one is presumed to know the law, and that ignorance of the law does not excuse. While the defendant testified that he did not know that it was necessary for the arbitrators to be sworn, he does not testify that his action would have been otherwise than it was had he known it, or that he would have required them to have taken the oath. In the case of *Grafton Quarry Co. v. McCully,* 7 Mo. App. 580, it was held that the administration of the oath to arbitrators may be waived, and that if this is done it is immaterial that the parties did not know that the statute prescribed an oath.

It is also insisted that the award is void for uncertainty and indefiniteness, and because it does not embrace all the matters submitted. This contention, we think, is not well founded. In the case of *Tucker v. Allen, supra,* it is said, that "courts have always been disposed to encourage the settlement of difficulties by arbitration. The proceedings in such are regarded with favor, and construed with liberality," and it is held in the following cases that an award which is certain to a common intent is all that is necessary : *Bush v. Davis,* 34 Mich. 190 ; *Akely v. Akely,* 16 Ver. 456 ; *Wright v. Smith,* 19 Ver. 110 ; 6 Wait's Actions and Defences, 545. Arbitrations are regarded favorably and if they settle the rights of the parties, and their award can be rendered certain, by reference to accounts or other documentary evidence, they will be sustained, and when an award leaves nothing to be done to dispose of the matter except mere ministerial acts it is sufficient. *Burrows v. Guthrie,* 61 Ill. 70 ; *Owen v. Boerum,* 23 Barb. 196 ; *Backus v. Fobes,* 20 N. Y. 204. It is not indispensable that an award should state in words and figures the precise amount to be paid, if nothing remains to be done in order to render it certain and final but ministerial acts or mathematical calculation. *Waite v. Barry,* 12 Wend. 380.

The real controversy referred to the arbitrators in this case was, whether plaintiff should be charged with any part of the losses of the firm. While the award does not specify any sum to be paid, it does decide that plaintiff was not to suffer or be charged with any part thereof, and that the accounts, with that exception, as they stood on the books of Bartle & Company, are to stand as they were at the time of the award. Here is a definite finding as to the real matter in dispute, leaving. nothing to be done, to ascertain the amount to be paid, except a mere arithmetical calculation, and this, under the authorities, we think is sufficient.

It is also insisted that the arbitrators mistook the law in their award in charging the whole of the losses in the years in which no profits were made to. defendant. In case of *Valle v. Railroad*, 37 Mo. 450, it is held that an award will not be set aside for any mistake of law or fact not appearing on the face of the award, and while it is said in the case of *Whitehill v. Shickle*, 43 Mo. 537, that a communion of profits implies a communion of losses, it is nevertheless perfectly competent for partners to agree between themselves that one of them shall not be charged with losses, and for aught that appears on the face of the award, the arbitrators based their finding on such agreement and the dealings of the partners with each other.

Judgment affirmed, in which all concur.