ALBERT REEVES, Respondent, v. RALPH McGLOCHLIN, Appellant.

### Kansas City Court of Appeals, March 23, 1896.

1. **Arbitration and Award:** SUBMISSION: BOND: INSTRUCTION. Two papers signed and sealed at the same time by parties intending to arbitrate should be considered together as one instrument; and the instrument, a copy of which is set out in the opinion, is *held* both a bond and a submission to arbitration.

2. ————: ————: NO NAMES OF ARBITRATORS. A submission to arbitration should not be invalidated because the names of the arbitrators are not inserted therein, as such agreement to arbitrate is substantially complete without the names of arbitrators.

3. ————: SWEARING OF WITNESSES: TESTIMONY. An award stating that the arbitrators met and heard testimony sufficiently shows that the witnesses were sworn, since testimony means a statement of a witness made under oath.

4. ————: MOTION TO VACATE: NOTICE. Notice of a motion to vacate an award served after the first term of the court following the publication of the award comes too late.

5. ————: ————: MISTAKE. Where no mistake is apparent on the face of the award, neither an affidavit nor any species of extrinsic testimony is admissible to show a mistake.

*Appeal from the Harrison Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*Sallee & Goodman* for appellant.

(1) This is an attempted statutory submission under section 397, Revised Statutes, 1889, which requires the submission to be in writing to persons named in the submission, with the matter in controversy to be specified and set forth in such submission. If lacking in any one of these elements, the proceeding

is only a common law arbitration, and must be enforced by an action on the award or suit upon the bond if one be executed. *Shores v. Bowen*, 44 Mo. 396; *Hamlin v. Duke*, 28 Mo. 166; *Carter v. Scaggs*, 38 Mo. 302; *Williams Adm'r v. Perkins*, 83 Mo. 379; *Bridgman v. Bridgman*, 23 Mo. 272; *Mann v. Berry*, 5 Mo. 21; *Holdridge v. Stowell*, 39 Minn. 360; *Thornton v. McCormick*, 75 Iowa, 285; *Wolfe v. Hyatt*, 76 Mo. 156. (2) Even after the court permitted the obligation executed by defendant to be read in evidence in aid of the submission and award, these documents collectively fail to show that the witnesses were sworn, hence there was no statutory award and no judgment could be rendered thereon. *Wolfe v. Hyatt*, 76 Mo. 156. (3) The court erred in overruling defendant's motion for leave to correct the award and in striking same from files. The motion to vacate for informality was in time, for without the evidence introduced over the objection of defendant and the attestation by a witness the award was incomplete. *Wolfe v. Hyatt, supra*; *Holdridge v. Stowell, supra; Thornton v. McCormick, supra*; *McClure v. Shroyer*, 13 Mo. 104; *Hinkle v. Harris*, 34 Mo. App. 223.

*Wanamaker & Barlow* for respondent.

(1) The court did not err in overruling defendant's motion filed October 25, 1894, to dismiss plaintiff's motion to confirm. Suffer a term to intervene is to waive this remedy. *Hinkle v. Harris*, 34 Mo. App. 235, 236; *Shores v. Bowen*, 44 Mo. 399. (2) The award will not be vacated or set aside for any mistake of law or fact that does not appear upon the face of the award itself. *Valle v. Railroad*, 37 Mo. 451; *Bridgman v. Bridgman*, 23 Mo. 274; *Taylor v. Scott*, 26 Mo. App. 251; which cites approvingly: *Nalle v. Railroad,*

37 Mo. 451; *Reiley v. Russe*, 4 Mo. 527; *Squires v. Anderson*, 54 Mo. 197.

GILL, J.—This is an action to enforce an award under a statutory arbitration. Plaintiff had judgment below and defendant appealed.

The principal question is, whether or not there was, under the statute, a proper submission in writing. On the day the parties agreed to arbitrate, they each, with their respective sureties, signed and delivered to the other a paper writing, that of the defendant reading as follows:

"SUBMISSION TO ARBITRATION.

"I, Ralph McGlochlin, as principal, and ———— and ———— as my securities, acknowledge ourselves bound to Albert Reeves in the sum of $500, upon this condition: Whereas a controversy has arisen and now exists between Albert Reeves and Ralph McGlochlin, respecting a certain matter growing out of the relation of landlord and tenant, heretofore existing between Albert Reeves and Ralph McGlochlin, and growing out of certain other subjects of dispute between said parties, we do therefore mutually agree to submit said matters in controversy to ———— and ————, as arbitrators, and to abide and faithfully perform the award of said arbitrators in the premises, so that the award may be made by the ——— day of ————, 189—, and that a judgment may be rendered on said award when made by the circuit court of Harrison county, Missouri, in accordance with the provisions of the statutes in such cases made and provided.

"Now, therefore, if the said Ralph McGlochlin shall abide and faithfully perform said award, that is, shall do or pay whatever is adjudged against him by

said arbitrators, then this bond shall be void, otherwise to remain in full force and effect.

"Given under our hands and seals this —— day of ——, 189—.

"RALPH McGLOCHLIN.    [SEAL]
"J. M. HARRISON.    [SEAL]
"J. M. PEASELY.    [SEAL]
"A. McGLOCHLIN."    [SEAL]

The plaintiff, with his sureties, executed and delivered to defendant a writing identical with this, except as to the names.

I.    Plaintiff's counsel are clearly right in their contention that these two papers should be considered together as one instrument.    They form parts of the one transaction, in so far as concerns the agreement to arbitrate.    The rule is well settled that a contract in writing may consist of two or more papers executed by the parties.    And so treating the two papers, we find little reason for the defendant's contention that they were insufficient to evidence an agreement to arbitrate. The instrument is a combination bond and agreement to arbitrate.    It is there stipulated that "whereas a controversy has arisen and now exists between Albert Reeves and Ralph McGlochlin (stating its nature) * * * we do therefore mutually agree to submit said matters in controversy to —— as arbitrators, and to abide and faithfully perform the award of said arbitrators in the premises, * * * and that a judgment may be rendered on said award when made, by the circuit court of Harrison county, Missouri, in accordance with the provisions of the statutes in such cases made and provided."

The parties then selected arbitrators, who, after taking the oath prescribed by the statute, proceeded to hear the case as presented by both parties and their respective witnesses, and in due time submitted to each

an award wherein it was stated that defendant was indebted to plaintiff in the sum of $87.66.

We do not think the written submission to arbitration should be invalidated because the names of the arbitrators were not inserted therein.  Courts are disposed to encourage the settlement of disputes by arbitration; and to that end will treat with favor and liberality such proceedings.  Awards are seldom set aside because of the presence of some unimportant technical deviations.  *Sweeney v. Vaudry*, 2 Mo. App. 352; *Tucker v. Allen*, 47 Mo. 488; *Cochran v. Bartle*, 91 Mo. 636.  The agreement to submit to arbitration was substantially complete without designating the names of the arbitrators.  *Williams v. Perkins*, 83 Mo. 379, cited and relied on by defendant, does not support his position.  There did not appear in that case, as here, an agreement in writing to submit to arbitration.  In that case, the two papers were held to be nothing more than the separate *bonds* of the respective parties to abide the results of an arbitration; while here we have a specific agreement, appearing in the body of the writing, that "we do therefore mutually agree to submit said matters in controversy," etc.

Defendant's counsel further object that it does not appear that the witnesses before the arbitrators were sworn; and that, therefore, on the authority of the supreme court ( *Wolfe v. Hyatt*, 76 Mo. 156), the award was void.  In answer to this point, it seems to us that the defendant indulges in a presumption of fact not warranted by the record.  The only advice we have as to how the cause was heard appears on the face of the award.  There the arbitrators state that: "On the twenty-third day of March, 1894, we met and heard the *testimony* respecting the said matter in controversy * * * and after having heard the *testimony* of the various witnesses * * * we do submit and award

as follows:" *Testimony*, as understood in judicial proceedings, means the statement of a witness made under oath. See definition Webster's Unabridged Dictionary. The statute itself uses the word with that meaning: "Before proceeding to hear any *testimony* the arbitrators shall take and subscribe an oath," etc. R. S. 1889, sec. 399.

The award was made by the arbitrators in March, 1894. On the thirteenth day of September, 1894, plaintiff, in pursuance of the statute (section 404) gave defendant the statutory notice that he would move the court on the first day of the October term following to confirm the award, and along with the notice served defendant with a copy of the award. At the January term, 1895, and at the next term after plaintiff had filed his motion to confirm, the defendant filed a motion asking the court to vacate or modify the award, on the alleged ground that the arbitrators had made a mistake in some way, and that instead of defendant being indebted to plaintiff, the latter owed the defendant, etc.

The court properly overruled this motion, and for either of two sufficient reasons. In the first place it was not filed in time, since the statute provides that "every such application to vacate or modify an award shall be made to the court designated in the submission, at the next term after the publication of the award upon at least ten days previous notice in writing to the adverse party." Here no notice was given and the motion was filed during the second term after publication of the award. And in the second place, we may say, as was said by the St. Louis court of appeals, "that no such mistake is apparent upon the face of the award, and that neither affidavits nor any species of extrinsic evidence is admissible to show such a mistake," etc. *Taylor v. Scott*, 26 Mo. App. 249. The

State ex rel. v. Anthony.

award can only be vacated or modified for reasons set out in the statute (sections 405, 406) and the defendant's motion did not include any of these.

We have examined and considered every objection urged against the enforcement of this award and find no merit in any of them.

The judgment, therefore, of the circuit court will be affirmed. All concur.