GRANT v. HOLMES, *Appellant.*

1 **Partnership**: RELEASE OF CO-DEBTOR. A creditor of a firm may release one member of the firm without discharging the others.

2. **Temporary Judge.** When a temporary judge, selected by the. parties, by their consent has tried a cause without being sworn, neither of them will afterward be heard to urge this as an objection to the validity of the judgment.

*Appeal from Carroll Circuit Court.*—The case was tried before I. H. KINLEY, ESQ., sitting as Temporary Judge.

AFFIRMED.

*Hale & Eads* for appellant.

*Shewalter & Sebree* and *J. L. Mirick* for respondent.

HOUGH, J.—This is a suit against the defendant as a. member of the firm of Holmes & Co., which, it is alleged. in the petition, is composed of the defendant and one. George Magee. The petition sets forth certain transactions. had by plaintiff with said Magee, for and on behalf of the firm of Holmes & Co., and avers that on a final settlement thereof there was found to be due to plaintiff the sum of $402.45, one-half of which sum was paid to plaintiff by said Magee, who was thereupon released and discharged. by plaintiff from all further liability as a member of said firm, on account of said transactions, and prays judgment, against the defendant for the balance due on said account, to-wit: The sum of $201.22. The testimony offered by plaintiff tended to sustain the allegations of his petition, and that offered by the defendant was in contradiction thereof.

The plaintiff asked no instructions. At the instance of the defendant, the court gave the following: 1. "In order to recover in this action, the plaintiff must show by a preponderance of evidence that at the time of the alleged transactions between plaintiff and Magee, defendant was,

a partner with Magee in the purchase and sale of said corn, and that the balance claimed is actually due from said alleged firm."

4. " If the defendant was only interested in the shelling of the corn by contract between him and Magee, and was not interested in the purchase and sale of the corn, then the verdict should be for the defendant."

The court, of its own motion, gave the following: "If plaintiff's transactions were with Magee alone, and not with the alleged firm, and he has voluntarily released Magee from the alleged balance, then plaintiff cannot recover in this action."

The following instructions, asked by the defendant, were refused: 2. " If the plaintiff's accounts and transactions were all with and in the name of Magee, and he had no transactions with defendant by name, or in the name of the alleged firm, he cannot recover against defendant without showing that he was a dormant partner and that Magee is insolvent."

3. " If plaintiff's transactions were with Magee by name alone, and not with the alleged firm, and he has voluntarily released Magee from the alleged balance, then he cannot recover in this action."

5. " On all the testimony in the case, the verdict should be for defendant." The plaintiff recovered judgment and the defendant has appealed.

The defendant contends that although he may have been a partner of Magee, the plaintiff by releasing Magee has discharged him also, and the petition, therefore, fails to state a cause of action against him. Section 666 of the Revised Statutes, is as follows: "It shall be lawful for every creditor of two or more debtors, joint or several, to compound with any and every one or more of his debtors, for such sum as he may see fit, and to release him or them from all further liability to him for such indebtedness, without impairing his right to demand and collect the balance of such indebtedness from the other debtor or debtors thereof,

and not so released; provided that no such release shall impair the right of any debtor of such indebtedness not so released to have contribution from his co-debtors as is by law now secured to him." The defendant contends that this section does not apply to a debt due by a co-partnership. We are of a different opinion.

The instructions given by the court fairly submitted to the jury the question of the liability of the defendant as a partner. Without discussing the legal proposition therein contained, it is sufficient to say that the testimony for the plaintiff tended to show not only that the transactions of plaintiff were with Magee, and in his name, but that they were had with him for and on behalf of the firm of Holmes & Co.

This cause was tried in the court below by I. H. Kinley, Esq., and the following entry in regard to his selection appears of record: "Now come the parties by their attorneys, and it appearing that the judge presiding is of kin to the party plaintiff herein, and cannot sit in this cause, it is, therefore, agreed by the parties to this suit, that I. H. Kinley, Esq., shall hear and determine the same without being sworn." It is now contended on behalf of the defendant, that as the person so selected was not sworn, he had no authority to try said cause, and the judgment is void.

The act of May 19th, 1877, which was in force when this cause was tried, (Sess. Acts 1877, p. 218,) provides that when from any cause the judge cannot preside, and the parties fail to agree upon some one to preside at the trial, a temporary judge, having the qualifications of circuit judge, shall be elected from the attorneys present. Section 5 of said act provides that "the person thus elected, shall, during the period he shall act, have all the powers and be liable to all the responsibilities of the circuit judge. Section 6 is as follows: "The parties to an action may agree upon one of the attorneys of the court to preside and to hold the court for the trial of such action, who shall pos-

sess the qualifications of a circuit judge, and while so presiding shall have all the powers and be liable to all the responsibilities of the circuit judge." Section 7 is as follows : " Every temporary judge thus elected, shall, before he enters upon the discharge of his duties, take and subscribe to the same oath required to be taken by a circuit judge, which shall be filed with the clerk."

It is a matter of some doubt whether the word "elected," as employed in section 7, was intended to have a signification different from that which it was intended it should bear in section 5, and it is clear that in the last named section it was not employed in the broad and general sense of " selected " or " chosen," and this doubt is increased by the provisions of section 8, which requires, " in case of a temporary judge being elected," that an entry of record shall be made showing that the requisite oath has been taken and filed. It may be that where the parties agreed upon an attorney, the oath was to be dispensed with.

However this may be, we do not think that after a trial has been had by a person selected by the parties and who it was agreed by the parties should not be sworn, either party should be heard to object that such person was not sworn. Section 329 in chapter 4 of the Revised Statutes, provides that arbitrators appointed under that chapter shall be sworn before proceeding to hear and determine the matters submitted to them. In *Walt v. Huse*, 38 Mo. 210, it was decided that arbitrators appointed under the statute, act in a judicial capacity, and that they must be sworn or their award will be invalid. But in the case of *Tucker v. Allen*, 47 Mo. 488, it was expressly decided that where the parties agree that the arbitrators may act without being sworn, their award will be valid and binding. We are of opinion that the judgment of the circuit court should be affirmed. The other judges concur.