THE STATE, TO THE USE OF LOUIS GARESCHÉ, Respondent, ~~12 321~~
    *v.* JOHN F. SLEVIN ET AL., Appellants.          ~~f87 503~~

## June 6, 1882.

The sureties on a guardian's bond are not liable in an action for loss occasioned
    by the guardian's act in loaning money on insufficient real estate security
    until the amount of the loss shall have been ascertained by a foreclosure
    of the mortgage.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Reversed and remanded.*

EUGENE C. SLEVIN and A. J. P. GARESCHÉ, for the appellants.

J. L. HORNSBY, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was an action on a guardian's bond. Two breaches were assigned. The first was, that the guardian had charged himself in an annual settlement with $350.92 in cash, which money he had not paid over to the ward or accounted for when the ward attained his majority. The second was, that the guardian made a reckless and injudicious investment of his ward's funds in loaning them on real estate security of insufficient value. The defendants, who are sureties in the bond sued on, demurred to the petition, upon the ground, among others, that it did not state that the mortgage securing the loan of the ward's funds had been foreclosed. The demurrer was overruled ; there was a trial, and judgment for $3,000, the penalty of the bond, the damages for the first breach being assessed at $162.06, and for the second breach, at $2,837.94.

We think the demurrer ought to have been sustained. It seems to us, on grounds that will suggest themselves, that the sureties ought not to be held to answer for a loss sus-

tained by the ward through the recklessness or negligence of the guardian in lending the ward's money upon inadequate security, until the amount of loss which the ward has sustained, has first been ascertained by subjecting the security to the payment of the loan as far as it will go. How much the ward has lost can only be judged by the event of the foreclosure of the mortgage securing the loan. Until then, the amount of his loss is entirely speculative, resting in the opinions of witnesses. How little value is to be attached to such opinions is shown by the testimony in this case, the witnesses for the plaintiff placing the value of the land upon which this loan was secured at from $10 to $12.50 per acre, while witnesses for the defendant placed it at from $30 to $40 per acre. The liability of sureties is *strictissimi juris*, and their rights are not to be put to the sport of the opinions of witnesses as to the loss which their principal is liable to make good, when it is open to the person claiming to have suffered such loss, to proceed to ascertain the amount of his loss in the regular and proper way. Before these sureties can be charged with any loss which the ward has sustained by the negligence of the guardian lending the ward's money on an inadequate security, the mortgage must be foreclosed and the property sold. The sureties will then have the opportunity of protecting themselves by bidding at the sale. It is no answer to say that, after paying this judgment so far as it includes damages for the second breach of the bond, they will have a right of subrogation as to this mortgage security. They have a better right than this, and that is the right of standing still and not being compelled to pay anything until it is shown that this ward has lost something. It is not controverted that the opinions of persons acquainted with the value of property are admissible as evidence to prove such value. *Tate* v. *Missouri, etc., R. Co.,* 64 Mo. 153. But such evidence is admitted only in cases where the value of property is a material question. Here

the value of the mortgaged property is an immaterial question as between this ward and these sureties. The primary question is, what, if anything, he has lost, and this can rightfully be determined only by subjecting the mortgaged property to the payment of the note as far as it will go. Having ascertained this, and in the light of the event, it will be more opportune to litigate the question whether the land was an inadequate security for the loan at the time the loan was made, and whether the inadequacy was such, under all the circumstances of the case, as to charge the guardian with negligence for which his sureties must answer.

The judgment is reversed and the cause remanded. Judge LEWIS concurs ; Judge BAKEWELL did not sit.