CARTER v. PRIOR *et al.*, *Appellants.*

1. **Practice**: SPECIAL JUDGE: WAIVER. An objection made for the first time in the appellate court that the attorney, agreed upon by the parties to act as judge in the trial of the cause, did not before doing so take the requisite oath, will be disregarded.

2. An **Equitable Defense to a Common Law Action** will not have the effect of changing such action into a suit in equity.

3. A **Bill of Exceptions** may be signed and filed as well after as before the allowance of the appeal, following *State v. Dodson,* 72 Mo. 283, and overruling *State v. Musick,* 7 Mo. App. 597.

4. A **Bill of Exceptions,** presented and filed in vacation, requires the consent of both parties and the concurrence of the court expressed on the record; a mere stipulation between the parties will not answer.

5. **The Filing of a Bill of Exceptions,** if in term time, must be proven by the record, if in vacation, by the indorsement thereon of the filing of such bill by the clerk.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*H. C. Lackland* for appellants.

*Edward S. Carter* for respondent.

PHILIPS, C.—This is an action of ejectment to recover possession of sixty-one acres of land in St. Charles county. The defendant, Prior, being the tenant of John B. Allen, the latter was admitted to defend as the real party in interest.

From Allen's answer it appears that in 1868 he conveyed forty acres of this land to one Cone, who executed

to Allen four notes and a deed of trust on the forty acres. Cone quit the country, abandoning the contract, and Allen entered into an arrangement with one Lobeck, by which, in case Allen became the purchaser of the forty acres at the anticipated trustee's sale, he would convey the same, together with the remainder of the sixty-one acres, to Lobeck. In July, 1869, Allen executed to Lobeck a warranty deed, acknowledged January 1st, 1870, to the sixty-one acres, taking in exchange four notes, aggregating $1,525, secured by deed of trust on the land. In December, 1869, Allen became the purchaser of the forty acres under said trustee's sale. In December, 1869, Allen assigned to W. L. Carter two of the Lobeck notes in part payment of a note of Carter's, on one Pierce, the payment of which Allen had assumed. In February, 1875, there was a settlement of matters between Carter and Allen and Lobeck. Allen owed Carter, and Lobeck owed Allen and Carter. Lobeck gave Carter a note for $1,141.74, and executed to him a deed of trust on this land to secure it. There was then owing by Lobeck on the notes held by Allen $200. Carter died after this, in 1875. In 1877 Allen sold the forty acres under his deed of trust and bought it in. He was then in possession of the forty acres. In March, 1877, the plaintiff, the heir and devisee of W. L. Carter, foreclosed the second Lobeck deed of trust, and became the purchaser and obtained trustee's deed for the sixty-one acres. The answer alleged that W. L. Carter and plaintiff took with full notice of his unrecorded deed of trust.

The reply alleged that in the settlement, had in February, 1875, it was agreed and understood that Allen was to cancel his deed of trust for the unpaid $200 and look to the personal promise of Lobeck therefor, and that Carter should credit Allen with the amount of Lobeck's indebtedness to Allen less the $200. Accordingly, Carter gave Allen the credit, and Lobeck then made Carter the $1,141 note and deed of trust to secure it.

By agreement of parties, Joseph H. Alexander was se-

lected to try the cause, to whom the trial was submitted, a jury being waived, verdict and judgment for plaintiff. Defendant appealed to the court of appeals where the judgment was affirmed, and the defendant has appealed to this court.

The defendant raised for the first time in the appellate court the objection that the special judge did not take the

1. PRACTICE: special judge: waiver.

requisite oath before sitting in the trial of the cause. This question has been decided adversely to the defendant in *Grant v. Holmes*, 75 Mo. 109.

The next objection alleged against the record proper is, that according to defendants' view, the answer presented

2. AN EQUITABLE DEFENSE TO A COMMON LAW SUIT.

an equitable defense, and the judgment in the case is defective in that it does not find the facts or declare the issues as found for the plaintiff, as in a chancery proceeding. If the position were tenable it is not perceived why defendant should complain, or of what avail it would be to him. It at most would be but an informal entry of judgment which this court could enter *pro forma* here, or remand the cause with directions to the circuit court to enter the formal judgment. But the defendant is under a misapprehension as to the office of the answer. It had not the effect to change the character of the action. It practically remained one at law in ejectment, in which either party would have been entitled to a jury. *Wolf v. Schaeffer*, 4 Mo. App. 372; affirmed, 74 Mo. 154.

The remaining errors assigned are such as arose *en pais* in the progress of the trial, and, therefore, are not review-

3. A BILL OF EXCEPTIONS.

able here, unless properly preserved in a bill of exceptions. Is there any bill of exceptions in contemplation of law in this record? Plaintiff's counsel contends that, as the bill of exceptions was not signed and filed until after granting the appeal, the court had no jurisdiction then to pass on the bill and make further record in the cause, and cites in support *State v. Musick*, 7 Mo. App. 597. This reference gives only an abstract of the point decided. What the state of facts in full was,

upon which this declaration was based, does not appear. As an abstract principle, I cannot assent to it. The statute expressly allows the entire term in which to prepare and file the bill of exceptions, (R. S., § 3636;) and, therefore, it can make no difference that the appeal is granted before or subsequent to the filing of the bill of exceptions. *State v. Dodson*, 72 Mo. 283. This would not be different where the bill of exceptions was filed in vacation, for the appeal itself must be perfected during the term, and when the bill is filed in vacation, it has relation to, and becomes operative, as of the term.

But there are serious objections to what purports to be the bill of exceptions. The clerk in the transcript recites: 4. ——. "And afterward, on the 19th day of December, 1878, the following stipulation as to time of filing bill of exceptions was filed, to-wit: Carter against Prior and Allen, ejectment. It is hereby stipulated between the parties hereto that the defendants may file their bill of exceptions in said cause, at any time in vacation, on or before February 10th, 1879, with the same effect and force as if filed in term time, provided the bill of exceptions be presented to the plaintiff's attorney on or before February 1st, 1879, and this agreement shall become a part of the record. McDearmon & Gauss, C. J. Walker and Williams & Carter, attorneys for plaintiff; John B. Allen, attorney for defendant." This is merely a stipulation between the parties that the defendants may file their bill of exceptions in vacation. The record wholly fails to show that the court consented that the statutory period might be so extended and so ordered. To present and file a bill of exceptions in vacation, requires the consent of both parties and the concurrence of the court expressed on the record. *Robart v. Long*, 65 Mo. 223; *Peake v. Bell*, 65 Mo. 224; *McCarty v. Cunningham*, 75 Mo. 279.

Nor is there anything in this record to show that what purports to be a bill of exceptions was ever filed in the

**5. THE FILING OF A BILL OF EXCEPTIONS** court or clerk's office. If filed in term time, the record of the court should prove the fact. Nothing short of this will suffice. *Pope v. Thomson*, 66 Mo. 661. If filed in vacation, the fact must be evidenced by the indorsement of the clerk of the filing on the bill of exceptions. As the making of the record is a *quasi* judicial act, the clerk in vacation has no authority to make an entry of record, except when conferred upon him by statute. In term time he acts ministerially and enters of record the orders of the court. In vacation the bill of exceptions may be filed in the clerk's office by consent of parties, and the concurrence of the court entered of record in term time, and the evidence of that filing is the indorsement of the clerk thereon, the only act thereto relating which he can perform in vacation.

There are, therefore, no errors cognizable by bill of exceptions before this court, and as I find no error in the record proper, the judgment of the court of appeals and the circuit court is affirmed. MARTIN, C., concurs; WINSLOW, C., absent.