The Moline Plow Company v. Hartman.

THE MOLINE PLOW COMPANY v. HARTMAN *et al.,*
*Appellants.*

Trial by Jury : EQUITABLE ANSWER. The right of a trial by jury is not lost by filing an equitable answer.

*Appeal from Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

REVERSED.

*O. L. Houts* for appellants.

(1) Issues of fact in an action at law must be tried by a jury, unless a jury be waived, and there can be no

waiver only by a failure to appear by written consent, in person, or by attorney, filed with the clerk or by oral consent in court entered on the minutes. R. S. of Mo., 1879, p. 616, secs. 3600 and 3602. And that the answer, in an action at law, sets up defence either legal or equitable, does not deprive the parties of the right of a trial by jury. *Wolff v. Schaeffer*, 4 Mo. App. 367 ; same case, 74 Mo. p. 154; *Carter v. Prior*, 78 Mo. p. 222. (2) Issues not submitted by the pleadings cannot be passed upon or determined. *Wade v. Hardy*, 75 Mo. 394; *Capital Bank v. Armstrong*, 62 Mo. 59 ; *Currier v. Lowe*, 32 Mo. 203 ; *Price v. St. Louis, Kansas City & Northern Railway Co.*, 72 Mo. 414; *Ely v. same*, 77 Mo. 34. (3) This is not an action on *quantum meruit*, but on a contract, an entirety. The court found that plaintiff had not performed it, and the judgment on the record should have been for defendants. *Yeats et al. v. Balentine*, 56 Mo. 530 ; *Eyerman v. Mt. Sinai Cemetery Association*, 61 Mo. 489 ; *Haysler et al. v. Owen*, 61 Mo. 270, 275 ; *Bersch v. Sander*, 57 Mo. 104.

*John J. Cockrell, J. P. Orr* and *Tomlinson & Ross* for respondent.

(1) The issue raised by the plea of off-set was the only issue of fact at law and was fairly submitted to and tried by the jury. (2) That part of the answer which was equitable was really a bill in equity to reform a contract and must be treated as such. Upon this bill in equity the court below had a right to refuse to submit issues to a jury, or, having submitted them, had a right to disregard their verdict. Defendants asked the submission of the issues which were tried by a jury. It was their own fault if they did not submit all they wanted tried by jury. The court below, as it could have refused at first, had the right to refuse again to submit issues, and it would have been erroneous to submit an equitable defence to a jury. Defendants had their legal defence

tried by a jury. They also had their equitable defence tried as far as they wished by a jury, in the only way it could be tried.

DeArmond, C.—Plaintiff sued on this contract:

"Warrensburg, December 2, 1879.

"It is hereby agreed between Hartman and Markward of this place and Moline Plow Company, of Kansas City, both of the state of Missouri, that the parties of the first part agree to pay the second named party the sum of two thousand and sixty-eight dollars and fifty-eight cents, upon the completion of the following named changes in their mill in the above named place, viz: Change the separator to a number one (1) receiving separator and furnish one (1) bevel core gear, ten (10) foot shaft; two (2) babbit boxes, two (2) collars, one (1) pulley and frame of sufficient size and capacity to drive smutter, and take the wabble out of the fly wheel, finding all freights and work to make these changes. These signatures are annexed to the within agreement in the presence of witnesses.

"H. W. Clark,
"J. W. Young,
"Hartman & Markward,
"Moline Plow Company,
"H. E. Gates, *Agent*."

It alleged a performance of the contract on its part and a refusal of performance on the part of defendants, admitted a payment of $1561.04, and prayed judgment for balance and for all other proper relief.

The answer admitted the execution of the contract, and says, that on said day defendants agreed to pay plaintiff the sum of two thousand and sixty-eight dollars and fifty-eight cents, when the plaintiff had done the work and made the changes mentioned in the written instrument sued on; and had furnished defendants a separator with interchangeable sieves and one new run of stones; had refunded to defendants the sum of twenty

dollars, paid by them for running three elevators through said mill, when in fact only one was run through, and had paid defendants the sum of forty-two dollars and twenty-nine cents before expended by them for lumber and freight. "And defendants state that these said obligations of plaintiff herein mentioned were a part of said written agreement and contract, and should have been written and specified therein; that they were left out by mistake and oversight, and that they constituted a part of plaintiff's obligation. Defendants state that plaintiff has not complied with its contract in this : that it furnished no interchangeable sieves with its separator ; it failed to pay defendants either of said sums of twenty dollars or of forty-two dollars and twenty-nine cents, as it obligated itself to do ; and that it failed to furnish defendants the said new run of stones, and that it is worth the sum of twenty dollars to furnish said interchangeable sieves and the sum of three hundred dollars to furnish said new run of stones, and that all these sums herein mentioned should be deducted from the said sum which defendants promised to pay plaintiff, and that said written instrument should be reformed and made to embrace and specify these several obligations herein mentioned, and defendants, therefore, pray that it be done, and for other and further relief." Defendants further pleaded as a set-off a demand for $144.75, and prayed judgment for $24.25, as balance due them on the whole matter. The reply is a general denial.

Defendants asked the court to submit the trial of the cause to a jury, which was refused. They then prayed the court to submit issues to a jury, and these issues were accordingly submitted : "1. Did plaintiff, at or before the contract sued on was signed, agree to furnish defendants a separator with interchangeable sieves, one new run of stones, to refund to them twenty dollars for running their elevator through their mill, and to pay defendants the sum of $42.79, before expended by

defendants for lumber and freight? If so, was such agreement omitted by mistake from the contract sued on? 2. What was the value of a new run of stones and of a separator with interchangeable sieves of the character to be furnished, if any?" And thereupon again come the said parties, by their respective attorneys, and agree that the off-set, set up by defendants in their answer, may also be submitted to and tried by the same jury, to which the issues herein are to be submitted, and waive all exceptions to the action of the court in so submitting the said off-set to said jury.

The jury answered by their verdict "yes," as to the first and second issues, and next, "We, the jury, find the value of a new run of stones to be one hundred and seventy-five dollars, and we, the jury, find that there was no evidence introduced to show the value of a number one receiving separator with interchangeable sieves; and we also find a bill of off-sets for defendants to the amount of $134.75." Here defendants prayed the court to submit the further trial of the cause to a jury, which the court refused to do. The court then heard additional evidence, and entered a decree reforming the contract in accordance with the finding of the jury, and found that the difference in value between the stones plaintiff was, by the contract to furnish, and a defective set which the court found plaintiff had furnished, and defendants were using, was sixty dollars, and rendered judgment for plaintiff for two hundred and twenty-five dollars, being the $507.54 sued for, less the items found by the said jury, excepting the one hundred and seventy-five dollars, for which the court substituted its finding of sixty dollars, as the difference in value of the two sets of stones, and less, also, twenty-five dollars, which the court found to be the value of the "interchangeable sieves."

The right of trial by jury was not lost by the filing of an equitable answer. R. S., secs. 3600, 3602; *Wolf v. Schaeffer*, 4 Mo. App. 367; 74 Mo. 154; *Carter v. Prior*, 78 Mo. 222. But it *seems* that all the issues were sub-

mitted to, and tried by a jury. We would not feel authorized to reverse the judgment because of the mode of submission adopted. After the jury had rendered their special verdict, the court proceeded to take further evidence and pass upon other issues. The jury concluded that no evidence had been offered concerning the value of the interchangeable sieves. If so, no one was to blame for the omission except the party seeking a recovery or recoupment of their value. But if it could be thought proper to have another trial in this case upon the sieve issue, either party was entitled to a trial by jury. Plaintiff did not allege that it ever furnished defendants' mill with a run of stones, or that defendants were liable for any. So I find nothing in the case to authorize any striking of balances between the values of any two run of stones. With the contract so reformed as to require plaintiff to furnish a specified quality of stones, and the value of the stones ascertained, and no allegation that they were furnished, it would seem that nothing more was to be learned upon that branch of the case. *Eyerman v. Mt. Sinai Cem. Ass'n*, 61 Mo. 489 ; *Davis v. Brown*, 67 Mo. 313. But if there was anything further to try, defendants had a right to have it tried by a jury.

The judgment should be reversed and the cause remanded. All concur.