Vogt, *Plaintiff in Error*, v. Butler, *Administrator.*

| 105 | 479 |
| 113 | 656 |
| 105 | 479 |
| 119 | 294 |
| 119 | 407 |
| 105 | 479 |
| 121 | 97 |
| 105 | 479 |
| 136 | 237 |
| 105 | 479 |
| 142 | 261 |
| 105 | 479 |
| 94a | ¹265 |
| 105 | 479 |
| 179 | ³638 |

DIVISION TWO.

1. **Practice**: REFEREE: OATH. Where a referee is sworn in open court in the presence of the attorneys of both parties who appear before him and go to trial without objection, his report will not be set aside because he did not, before trial, take and subscribe an oath as required by Revised Statutes, 1889, section 2143.

2. **Evidence**: FINANCIAL CONDITION OF PAYEE. Where it is claimed by defendant that the second of two notes in suit was given in payment of the first, the financial condition of the payee before the dates of the notes is competent evidence for the purpose of showing that he never had the amount of money represented by the two notes, and hence could not have loaned it.

3. **Practice in Supreme Court**: FINDING OF REFEREE. The finding of a referee in an action at law is equivalent to a special verdict and will not be disturbed by the supreme court, if there is evidence to support it.

*Error to St. Charles Circuit Court.*—Hon. W. W. Edwards, Judge.

Affirmed.

*J. C. Kiskaddon* for plaintiff in error.

1) The exceptions to the report ought to have been sustained on the ground that the referee had failed to take and subscribe the statutory oath. A taking of an oath is not a subscription of it. R. S. 1889, sec. 2143. (2) Referees are required to report the evidence so "that the rulings of the referee upon the evidence offered may be reviewed." R. S. 1889, secs. 2152, 2153; *Caruth v. Wolter*, 91 Mo. 484. (3) Under pleas of payment and an offset, evidence of the habits of life of plaintiff, of his ability to earn money, of what his earnings were, in short, Exhibit A and the testimony of Springate, Nortman and Schaffner, is all irrelevant. It is an elementary rule "that the evidence offered

must correspond with the allegations, and be confined to the point of issue." 1 Green. on Ev. [14 Ed.] sec. 51; *State v. Roberts*, 62 Mo. 388; *Buffington v. Railroad*, 64 Mo. 246; *Brooks v. Blackwell*, 76 Mo. 309; *Frederick v. Allgaier*, 88 Mo. 598; *Sutter v. Lakman*, 39 Mo. 91. (4) And this rule excludes evidence of all collateral facts. 1 Green. on Ev. [14 Ed.] secs. 52, 448, 449; *Coale v. Railroad*, 60 Mo. 227; *Lester v. Railroad*, 60 Mo. 265; *Weber v. Ins. Co.*, 5 Mo. App. 51. (5) Thus no presumption of payment of a note arises out of many other transactions between the parties thereto. *Mechanics' Bank v. Wright*, 53 Mo. 153; *Balmer v. Sanders*, 11 Mo. App. 454. (6) This case falls under the following provision of the statute provid'ıg for references: "Where the trial of an issue of fact shall require the examination of a long account on either side, in which case the referees may be directed to hear and decide the whole issue." R. S. 1889, sec. 2138; *Smith v. Paris*, 70 Mo. 615; *Caruth v. Wolter*, 91 Mo. 484. (7) In such cases, whether the reference be by consent or not, the court having the power to refer without consent, the court below can, as well as this court on appeal, review the finding of the referee on the weight of evidence, and render such judgment as the evidence warrants. *Ely v. Ownby*, 59 Mo. 437; *State v. Hurlstone*, 92 Mo. 327.

*John W. Booth* for defendant in error.

(1) The objection that a referee failed to subscribe the statutory oath may be and was waived. *Hemelreich v. Carter*, 24 Mo. App. 265; *Tucker v. Allen*, 47 Mo. 487; *Carter v. Prior*, 78 Mo. 222; *Edwardson v. Garnhart*, 56 Mo. 81. (2) The evidence of Vogt's financial condition was competent and proper. *Matthias v. O'Neil*, 94 Mo. 520; *Wiggins v. Railroad*, 73 Mo. 419. (3) The findings of the referee are amply supported by the evidence.

GANTT, P. J.—This is an action commenced in the circuit court of Franklin county, and taken on change of venue to St. Charles county.

The petition contained two counts. The first on a note dated April 2, 1878, payable one day after date to order of Henry Vogt, for $3,800 with six-per-cent. interest since April, 1880. The second count is on a note of date April 1, 1880, for $4,000, alleging that the balance due is $2,481.75 with interest thereon from October 26, 1886.

Rees' answer to the first count of the petition avers that on the first day of April, 1880, there was due on the first note $3,800 and one year's interest, amounting in the aggregate to $4,028; that thereupon Rees paid Vogt $28, and for the balance of $4,000 executed the note sued on in second count, and that thereby said first note was paid.

The answer then proceeds to set up various payments on said second count. To this a reply was filed denying the answer. On the issues as thus made the case was tried on September 17, 1888. The court, with the consent of the parties, referred the matters in issue in the cause to R. F. Luckett, and thereupon the oath required by statute was, by the judge of the court, administered to the referee, and forthwith the referee proceeded on the same day to hear and take testimony adduced before him by the parties, both parties appearing and participating in the trial of the cause before the referee.

December 11, 1888, said referee filed his report, by which report it appeared that the referee found that the note for $4,000 was executed and delivered by Rees to Vogt in full satisfaction of the $3,800 note, and that the balance due plaintiff on the $4,000 note was the sum of $99.74. The report of the referee as originally filed did not mention the fact of the referee having been sworn.

Vogt excepted to the report of the referee, on the alleged ground that the referee erred in admitting

improper evidence, and, that his finding was against the weight of the evidence, and contrary to the law applicable to the case, and on the ground that it did not appear "by the report, nor in any paper or document filed therewith, that the referee took and subscribed an oath faithfully and fairly to hear and examine the cause, and to render a just, impartial and true report according to the best of his understanding."

These exceptions were filed on the day the report of the referee was filed, and with said exceptions the following affidavit was filed: "J. C. Kiskaddon, being duly sworn, upon his oath, states that he is the attorney for plaintiff in the above-entitled cause; that he supposed and is under the impression that he was informed that the referee had taken the oath as required by statute; that he can find no such oath on file or returned with papers; that he did not know of such omission, until after the filing of the report, when an examination of the papers on file and in the cause, as well as with the report, first informed affiant of said omission."

On the filing of said exceptions and affidavit, defendant asked of the court leave for the referee to amend his report by interlining therein the words, "That, having first taken an oath in open court before Hon. W. W. EDWARDS, judge thereof, faithfully and fairly to hear and examine the cause and make a just, impartial and true report, according to the best of my understanding." And, in support of said application for leave to amend, defendant filed an affidavit of said referee to the effect that the referee, immediately upon his appointment as referee being made, took, in open court, before Hon. W. W. EDWARDS, the judge of the court, an oath faithfully and fairly to hear and examine said cause, and to make a just, impartial and true report according to the best of his understanding, and that, at the time said oath was taken, J. C. Kiskaddon, attorney for said Vogt, and John W. Booth and John R. Martin, attorneys for said Rees, were personally present in

court, consenting thereto; that, on said oath being taken, said referee proceeded to hear the evidence in the cause, and that such hearing was concluded on the following day; that, at such hearing, said Kiskaddon appeared for Vogt, and examined and cross-examined witnesses; that, afterwards, on the —— day of October, 1888, said Kiskaddon and said Martin appeared before said referee and argued and submitted said cause, and that said Kiskaddon, acting as such attorney, did not, either at said trial or at said argument, make any objection to the proceedings on account of said referee not having subscribed said oath; and also an affidavit of John R. Martin to the effect that he had read said affidavit of said referee, and that the matters and things therein stated were true.

Said application for leave to amend, and said affidavits being submitted to the court, the court sustained said application, and thereupon the referee amended his report accordingly. Vogt excepted to the ruling of the court on said application, on the alleged ground that "said amendment did not make the report good, that the taking of said oath orally was not a subscription thereof by the referee, nor is it a sufficient substitute for the subscription thereof, and filing the same in the case, or the return thereof with the award of the referee."

Afterwards, on the eighth day of January, 1889, the court overruled plaintiff's exceptions to the report of the referee, to which ruling plaintiff excepted. And on said eighth day of January the court duly rendered judgment in the cause on the pleadings and the findings of the referee.

On the trial before the referee defendant offered evidence of the plaintiff's previous financial condition; also, evidence of his habits in spending money freely and generously and what his earnings were. Also, a receipt dated December 1, 1865, from Vogt to Rees for $200 balance in full to that date, and examined Rees in

connection with it.    He stated that this was a full set-
tlement at that date.    The receipt seems to have been
offered solely to fix the date and the fact that at that
time there had been a full settlement.

The errors complained of by plaintiff in error are:
*First.*   The refusal of the circuit court to set aside the
referee's report, because the referee had not subscribed
an oath as required by statute, prior to hearing the
cause.    By statute, special judges are required before
entering on their duties to take and subscribe an oath.
R. S., sec. 3328.    So also are arbitrators.    Sec. 399.    So
also referees.    Sec. 2143.

In *Hemelreich v. Carlos*, 24 Mo. App. 264, the
Kansas City court of appeals held that the objection
that a special judge had not taken the statutory oath
came *too* late when made in that court for the first time,
following the decisions of this court in *Grant v. Holmes*,
75 Mo. 109, and *Carter v. Prior*, 78 Mo. 222.    In *Tucker
v. Allen*, 47 Mo. 488, when the parties agreed that the
arbitrators might act without being sworn, their award
was binding.

In this cause it is shown that the referee was duly
sworn before the circuit court, and in the presence of
the attorneys for both plaintiff and defendant, and they
were consenting thereto.    It is now insisted the oath
was not *subscribed*.    It is shown that, after seeing the
referee sworn, both parties appeared before him and
went to trial without any objection.    It is too late to
object to the referee's report on this ground after all
this acquiescence and consent.    The subscribing of the
oath was directory.    The taking of the oath was the
substantive fact required by the law; the subscribing
and filing it was intended to preserve the evidence of
this compliance with the law.    The attorney for the
plaintiff appeared before the referee, examined and
cross-examined the witnesses, and argued the cause
before the referee and made no objection at any stage of
the proceedings on account of the referee not having

Vogt v. Butler.

subscribed and filed the oath.   We think the objection is wholly without merit.

Again, counsel for plaintiff in error assigns as error the action of the referee in admitting evidence of the financial condition of Vogt prior to the date of the notes.   The evident purpose of this evidence was to show that Vogt never had $7,800, and consequently he could not have loaned defendant that amount.

Nothing is more common than this character of evidence in cases of fraudulent conveyances, where it is always held competent to show that the grantee or volunteer did not have the means to pay for the property.   Indeed, it often happens as in this case when oath is opposed to oath, that it is absolutely necessary to inquire into the financial conditions of the parties to ascertain which has told the more probable story; whose evidence is most consistent with the surrounding facts and circumstances.

There was no error in admitting this evidence by the referee, and the circuit court committed none in refusing to set aside the referee's report on account of his ruling in this regard.

We are asked by the plaintiff in error to consider all the evidence, set aside the finding of the referee, and give judgment here for the plaintiff for the balance he claims, without remanding the cause.   This is an action at law.   The finding of the referee is equivalent to a special verdict, and, when there is evidence to support it, will not be set aside.   *Wiggins Ferry Co. v. Railroad*, 73 Mo. 389 ; *Lingenfelder v. Wainwright B. Co.*, 103 Mo. 578.

An examination of the evidence leads us to the conclusion that the referee was amply justified in finding that the first note was paid by the giving of the second, and we see nothing to justify us in setting aside his findings on the various credits on the second note. The judgment of the circuit court will be affirmed.   All concur.