STATE OF MISSOURI EX REL. L. O. CALVERT, PUBLIC ADMINISTRATOR, AND EX OFFICIO PUBLIC GUARDIAN AND AS SUCH HAVING CHARGE OF THE ESTATE OF GEORGE ELMO BRICE, A MINOR, RESPONDENT, v. DETROIT FIDELITY & SURETY COMPANY, APPELLANT.—42 S. W. (2d) 966.

St. Louis Court of Appeals. Opinion filed November 3, 1931.

*Davis Benning* and *Andrew J. Murphy, Jr.* for appellant.

*J. E. Thompson* and *Hostetter & Haley* for respondent.

HAID, P. J.—This is an appeal from a judgment against the surety upon the bond of a deceased guardian and curator.

On and prior to March 5, 1927, Stephen D. Steele was the duly and legally appointed and acting guardian and curator of the estate of George Elmo Brice, a minor, by virtue of an appointment made by the probate court of Pike County, Missouri. On March 5. 1927, he filed a surety bond with himself as principal and the Detroit Fidelity & Surety Company as surety, which bond was approved by the probate court on March 10, 1927. Stephen D. Steele was the owner of a farm consisting of 240 acres located near Frankford, Missouri, described in the record, which was subject to a note and deed of trust held by Walter Beavers, upon which, with interest, there was due the sum of fifteen hundred forty-seven and 25-100 dollars ($1547.25). On April 2, 1928, Mr. Steele, as curator, issued and delivered to W. N. Shaw, a check for eighteen hundred dollars ($1800) and on the same day W. N. Shaw issued and delivered to S. D. Steele a check for eighteen hundred dollars ($1800). Under the same date Stephen D. Steele and wife executed a warranty deed to W. N. Shaw to eighty acres of the 240 acre farm and took back from W. N. Shaw a deed of trust for eighteen hundred dollars ($1800) on such eighty acres and Stephen D. Steele executed

and delivered to Walter Beavers a check for eighteen hundred dollars ($1800), of which the latter received fifteen hundred forty-seven and 25-100 dollars ($1547.25) in payment of the balance of the mortgage debt and interest upon the 240 acres of land and such mortgage, held by Walter Beavers, was released of record so that the farm, so far as the record discloses, was thereafter subject only to the deed of trust for eighteen hundred dollars ($1800) upon the eighty acres described in such mortgage and leaving the balance of the 240 acres clear of encumbrance.

Stephen D. Steele, the curator, died November 22, 1928, and he was succeeded by the plaintiff who was the Public Administrator. After the death of Stephen D. Steele, his widow, Mrs. Margaret D. Steele, was appointed administratrix of his estate. On January 22, 1929, the administratrix of the estate of Stephen D. Steele reported to the probate court that she had in her possession certain personal property belonging to the estate of the minor, among other property being the eighteen hundred dollar note referred to and the deed of trust securing the same, and stating her readiness and willingness to deliver said property to the Public Administrator when ordered so to do by the probate court.

On the same day, January 22, 1929, the probate court directed the administratrix to turn over to the successor curator all of the personal property belonging to the estate of said minor. On May 13, 1929, the public administrator having filed a petition setting out a default in the payment of the first year's interest upon the note for eighteen hundred dollars ($1800), asked leave to and was authorized to bid in the property at the public sale to be held and in fact did attend the sale and purchased the property for the sum of five hundred dollars ($500). The cost of the sale was seven and 50-100 dollars ($7.50), leaving a net amount of four hundred ninety-two dollars and fifty cents ($492.50) realized for the benefit of the minor by reason of the foreclosure.

The witness who prepared the warranty deed to Shaw and the deed of trust from Shaw to Steele, curator, on cross-examination testified that he considered the eighty acres worth, in 1928, twenty-five to thirty dollars an acre. Three other witnesses testified that the eighty acres were worth, in 1928, six to eight dollars an acre.

It was admitted that at the time of the trial W. N. Shaw had no property.

There are many other facts shown by the record but the foregoing statement we regard as sufficient to present the questions raised on the appeal.

Defendant has raised several questions here, the first one being that the court should have sustained its instruction in the nature of a demurrer to the evidence at the close of the case.

The defendant contends that the administratrix of the estate of the deceased guardian made a final settlement for such guardian which became a final and binding judgment of the probate court barring any action on the bond until that settlement shall have been set aside by a direct proceeding in the proper court.

We think there can be no doubt that when a final settlement of an administrator or of a guardian or curator is made in accordance with the statutes, such settlement has the force and effect of a final judgment, binding upon all the parties interested and may only be set aside for the same reasons and at the same time and manner applicable to other judgments of courts of record. [Wyatt v. Wilhite, 192 Mo. App. l. c. 555, 183 S. W. 1107; Patterson v. Booth, 103 Mo. l. c. 419, 15 S. W. 543; State ex rel. v. Roland & Lehman, 23 Mo. 95; Woodworth v. Woodworth, 70 Mo. l. c. 603; State ex rel. v. Leslie et al., 83 Mo. 60; State ex rel. v. Hoshaw, 86 Mo. l. c. 198.]

Is the settlement made by the administratrix in this instance a final one? Section 430, Revised Statutes of Missouri, 1929, prescribes the method for making such settlement and the steps directed to be taken by that section of the statutes are essential to constitute a settlement a final one. [State ex rel. v. Hoster, 61 Mo. l. c. 546; May v. May, 189 Mo. l. c. 502, 88 S. W. 75.]

Settlements not made in accordance with the statute are mere exhibits of the guardian's account, and they are in no sense judgments. [Myers v. Myers, 98 Mo. l. c. 268, 11 S. W. 617; State ex rel. v. Rosswaag, 3 Mo. App. l. c. 16; State ex rel. v. Hardy, 200 Mo. App. l. c. 421, 206 S. W. 904; State ex rel. v. Hoster et al., 61 Mo. l. c. 546.]

In the present case the administratrix simply filed a petition in the Probate Court stating she had in her possession as Administratrix of the deceased guardian's estate certain personal property belonging to the estate of the minor, which she was ready to turn over to the successor guardian when directed by the court to do so. It was not a statement of account, was not sworn to so far as the record discloses, and no notice was given of her intention to make final settlement in behalf of the deceased curator.

Defendant contends, however, that since our statute (now Section 435, Revised Statutes 1929) requires the administrator or legal representative of a deceased guardian or curator to make settlement with the latter's successor, that such settlement, when made, has the effect of a final judgment of the probate court. But that cannot be so, because that section furnishes no procedure for determining the accuracy of the account nor does it prescribe a form of inquiry as to the fidelity with which the curator executed the trust, and the settlement contemplated is one to be made with the succeeding guardian or curator and not with the court. There is no judgment or other binding statement of the account. [State ex rel. Hyslop v. Bilby, 50 Mo. App. l. c. 69; Cohen v. Atkins, 73 Mo. l. c. 166.]

We must hold, therefore, that the ruling on the peremptory instruction was correct.

The defendant next contends that the court erred in the giving of plaintiff's instruction No. 1, so far as it relates to the transaction with W. N. Shaw, in that the court authorized the jury to consider the net amount realized at the foreclosure sale, rather than the value of the eighty acres at the date of the execution of the warranty deed to, and the execution of the deed of trust by, Shaw.

While counsel have made this point, they do not cite any authorities to support it nor do they present the question as one of first impression. Counsel for respondent do not even notice the point in their brief. Thus the court is left without aid from either party concerning the question raised.

The law is well settled that "Guardians and other trustees have no right to deal with the trust property for their own benefit. All such transactions, though not always void, are voidable at the option of the beneficiary. The law forbids a trustee or other person who occupies a fiduciary position from dealing with the trust property for his own gain. He must act for and not antagonistic to the beneficiary." [Patterson v. Booth, 103 Mo. 1. c. 413, 15 S. W. 543, and cases cited.]

Our statute, section 418, Revised Statutes of Missouri, 1929, provides specifically the character of investments which a guardian may make of the ward's funds. There is no provision in that section authorizing the guardian to loan such funds to himself even on real estate security. [Berry v. Berry (Mo. App.), 218 S. W. 1. c. 692.] The guardian is required to exercise the utmost good faith in all transactions he has concerning the ward's estate and is not permitted under any circumstances, to secure an advantage to himself by reason of his position. While it is true that in the present instance the loan was made upon the security of W. N. Shaw, the execution of the warranty deed to Shaw and the execution of the deed of trust to the curator was a mere indirect method adopted by the curator to borrow the funds of the ward for his own purposes. Having been guilty of bad faith in this respect he is not entitled to any credit by reason of the value of the property at the date of the execution of the deed of trust but is liable for the loss occasioned to the estate of the ward at the time such loss was ascertained. This rule is applicable where the guardian is guilty of gross negligence in loaning the ward's money on inadequate security (Pearson v. Haydel, 87 Mo. App. 1. c. 502, and cases cited), and the same rule ought certainly to be applicable in a case such as we have here.

The defendant also contends that the plaintiff was estopped from bringing this proceeding without offering to return to the proper party the note and deed of trust which he received at the time the assets of the estate of the ward were surrendered to him. This, like the last point stated, is unsupported by authority.

The defendant does not suggest whom it considers as the propper party to whom the security should have been returned. An offer to return could certainly not have been made to the deceased curator. An offer to surrender the same to the surety would not have been a return and a demand at that time would have been useless because no loss had then been ascertained. It was only upon foreclosure that the loss, if any, could be fixed. It was the plaintiff's duty upon default being made in the payment of interest to proceed to the foreclosure, thus to ascertain what, if any, loss had been suffered by the ward's estate. [State ex rel. v. Slevin, 12 Mo. App. 321; Pearson v. Haydel, 87 Mo. App. l. c. 503.]

The defendant has raised two other questions but they are determined by what we have said upon the foregoing questions.

It results that the judgment of the circuit court must be, and the same is hereby, affirmed. *Becker* and *Nipper, JJ.*, concur.